[Crim. No. 1046.   First Appellate District, Division Two.—September 8, 1922.]

## THE PEOPLE, Respondent, v. A. A. SANDER, etc., Appellant.

[1] CRIMINAL LAW—PASSING OF FICTITIOUS CHECK—EVIDENCE—UTTERING CHECK UPON BANK WITH INSUFFICIENT FUNDS.—Where a prosecution under an information charging a violation of section 476 of the Penal Code was conducted upon the theory that the defendant had entered upon a common plan or scheme of defrauding dealers

in bonds and securities by the issuing of fictitious checks either signed by him with a fictitious name or drawn by him upon banks in which insufficient funds were deposited, the uttering of a check upon a bank with insufficient funds is not so dissimilar to the crime charged in the information as to render evidence of the former inadmissible, even though such acts are specially defined in different sections of the Penal Code as constituting distinct offenses.

[2] ID.—APPEAL—JUDGMENT—TRUTH OF VERDICT — PRESUMPTION.—On an appeal from a judgment in a criminal action, the appellate court must presume that the judgment speaks the truth and that the verdict recited in the judgment is the true verdict returned by the jury.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles J. Heggerty and T. L. Christianson for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

NOURSE, J.—Appellant was convicted of the crime denounced by section 476 of the Penal Code—the making, passing, and uttering a fictitious check with intent to defraud. The facts are that on April 8, 1921, he appeared in the office of certain bond dealers in the city of Oakland and arranged for the purchase of $10,000 worth of Victory bonds and delivered to the dealers his check made payable to their order in the sum of $9,912.91, signed "A. A. Sander." In return he received from the dealers Victory bonds of the par value of $10,000. In this transaction he gave a fictitious name and address. In June of the same year he obtained from certain bond dealers in the city of Los Angeles $3,000 worth of Liberty bonds by delivering a check bearing the name of C. H. Fisher, drawn upon a Los Angeles bank. The check purported to be certified, but the certification was forged, and Fisher, if not a fictitious person, at least, had no account in the bank upon which the check was drawn. About the same time he obtained from another bond dealer $5,000 worth of bonds by the same

method. He then presented a similar check for $5,000 drawn on the same bank in the name of the same person and containing a forged certification, whereby he obtained $3,000 worth of bonds from another dealer. In October, 1921, he appeared at the Central National Bank in Oakland and made a deposit therein of $5,000. On November 1st he made an additional deposit of $1,000. These two deposits were both made in the name of Gray. After making these deposits the defendant purchased $5,000 worth of Liberty bonds and arranged for the purchase of $10,000 worth additional. On November 2d he offered for deposit to his account a check drawn on the Citizens' National Bank of Los Angeles in the sum of $10,000, payable to the order of Gray and purporting to be signed by one Platt. At the same time he made and uttered to the Central National Bank his check in the sum of $10,009.96, to which he signed the name of Gray. Before honoring the check the bank ascertained through inquiry at the Citizens' National Bank of Los Angeles that the check drawn upon that bank was worthless and the defendant was immediately taken into custody. He was tried on the transaction of April 8, 1921.

Upon this appeal two assignments of error were originally made. First, that the testimony relating to the so-called Central National Bank transaction occurring on October 31st to November 2, 1921, was improperly admitted; second, that the trial court erred in refusing appellant's motion for a new trial on the ground of newly discovered evidence.

[1] As to the first, the prosecution was conducted upon the theory that the appellant had entered upon a common plan or scheme of defrauding dealers in bonds and securities by the issuing of fictitious checks either signed by him with a fictitious name or drawn by him upon banks in which insufficient funds were deposited. Under this theory the crime committed in the Central Bank transaction—the uttering of a check upon a bank with insufficient funds—is not so dissimilar to the crime charged in the information as to render evidence of the former inadmissible, even though such acts are specially defined in different sections of the Penal Code as constituting distinct offenses. In each case the plan to defraud was the same and the same method of using a fictitious name as the drawer of the check was used.

In any event, the appellant suffered no prejudice from the admission of this evidence. Testimony had been given of the three transactions in Los Angeles without objection.

The motion for a new trial was based upon newly discovered evidence which would have been merely cumulative to that already presented. The trial court was called upon to determine whether the testimony was such as would justify the granting of the motion. We find no error in the court's determination of the question.

[2] At the oral argument the objection was made for the first time that the verdict returned was not in harmony with the information. The point is that the appellant was charged with a violation of section 476 of the Penal Code while the reporter's notes of what occurred when the jury returned into the court with its verdict showed that the appellant was convicted of a violation of section 476a. When the case was first presented these notes were not certified. A rehearing was granted at appellant's request to enable him to perfect the record. With these notes before us we see no reason for changing the judgment of affirmance originally entered. The clerk's transcript contains the judgment and a copy of the verdict. This judgment recites that a verdict was returned finding the appellant guilty of a violation of section 476 of the Penal Code as charged in the information. The written verdict from which the foreman of the jury read states a conviction of a violation of section 476 as charged in the information. This verdict was filed with the clerk and is a part of the record. The verdict entered and recorded by the clerk in the minutes is the same. The appeal is from the judgment. The motion for a new trial did not suggest the point. We must presume that the judgment speaks the truth and that the verdict of the jury recited in the judgment is the true verdict returned by the jury. It is apparent that the error was one of the reporter only and that it has not prejudiced the appellant's rights. If in truth and fact the jury returned a verdict on section 476a, instead of 476, then the judgment should have been modified on motion to the trial court.

The judgment and order denying a new trial are affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 6, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, was acting.