## SANDER v. JOHNSTON, Warden.

(Circuit Court of Appeals, Ninth Circuit. March 1, 1926. Rehearing Denied April 5, 1926. Motion for Vacating of judgment and Transferring of Cause to United States Supreme Court Denied April 30, 1926.)

No. 4583.

1. **Habeas corpus** ⟜120.

That state Supreme Court denied release on habeas corpus is sufficient to justify federal District Court in denying similar petition.

2. **Courts** ⟜1.

Power to pass on question is test of court's jurisdiction of subject-matter.

3. **Habeas corpus** ⟜92(1).

Judgment of conviction is determination of sufficiency of information, which cannot be reviewed on habeas corpus.

4. **Habeas corpus** ⟜45(2).

Federal court's jurisdiction to discharge prisoner, held for violation of state statute, is discretionary.

5. **Habeas corpus** ⟜45(2).

Federal court's jurisdiction to discharge prisoner, held for violation of state statute, should be exercised only in peculiarly urgent circumstances.

6. **Habeas corpus** ⟜92(1).

Contention that information does not state facts constituting crime of passing forged check, under Pen. Code, Cal. § 476, is unavailable on habeas corpus.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Habeas corpus proceeding by A. A. Sander against James A. Johnston, as Warden of the California State Prison. From an order

denying petitioner's release, he appeals. Affirmed.

Robert L. Bradford, of San Francisco, Cal., in pro. per.

U. S. Webb, Atty. Gen., of California, and William F. Cleary, Deputy Atty. Gen., of California, for appellee.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. Appellant was convicted in the superior court of the county of Alameda, in the state of California, of a violation of section 476 of the Penal Code. This section is as follows:

"Every person who makes, passes, utters, or publishes, with intention to defraud any other person, or who, with the like intention attempts to pass, utter, or publish, or who has in his possession, with like intent to utter, pass, or publish, any fictitious bill, note, or check, purporting to be the bill, note, or check, or other instrument in writing for the payment of money or property of some bank, corporation, copartnership, or individual, when, in fact, there is no such bank, corporation, copartnership, or individual in existence, knowing the bill, note, check, or instrument in writing to be fictitious, is punishable by imprisonment in the state prison for not less than one nor more than fourteen years."

The charging part of the information is as follows:

"The said A. A. Sander, prior to the time of filing this information, and on or about the 8th day of April, A. D. nineteen hundred and twenty-one, at the said county of Alameda, state of California, did then and there willfully, unlawfully, knowingly, fraudulently, feloniously, and with the intention to defraud William Cavalier, Herman H. Michaels, and D. J. Bogardus, transacting business under the firm name and style of Wm. Cavalier & Co., a copartnership, make, pass, utter, and publish a certain fictitious check, purporting to be the check for the payment of money of A. A. Sander, which said fictitious check, instrument in writing, and order for the payment of money, was and is in the words and figures, as follows, to wit: 'R The Oakland Bank of Savings 90–1 2 Oakland, Cal., Apr. 8, 1921 No. Pay to the order of Wm. Cavalier & Company $9,912.91 Nine Thousand nine hundred twelve and $91/100$ dollars. A. A. Sander.'

"Whereas, in truth and in fact, there was then and there no such bank, corporation, copartnership, person, or individual as A. A.

Sander in existence at the time the said A. A. Sander made, passed, uttered, and published said fictitious check, instrument in writing, and order for the payment of money, as the said A. A. Sander then and there well knew, and the said A. A. Sander, at the time he made, passed, uttered, and published said fictitious check, as aforesaid, well knew that the same was fictitious."

Appellant's contention, variously stated in his petition and in his briefs, is that the information assumes the existence of A. A. Sander and charges him with the commission of a crime; that the check of A. A. Sander cannot, therefore, be fictitious; that the acts charged do not constitute a crime under section 476, supra; that the crime charged was one which it was impossible for appellant to commit; that the superior court had no jurisdiction to try him, or pass judgment upon him; and that his imprisonment in the custody of appellee is a denial of his liberty without due process of law.

It appears that appellant's true name is Robert L. Bradford, and that he so stated when he was arraigned in the superior court. This fact was entered of record. His briefs in this court are signed Robert L. Bradford, in propria persona. The record does not show that the indictment was amended. The return to the writ is not a part of the record on appeal, but the opinion of the District Court states that in the sentence and commitment appellant was described as "A. A. Sander, true name Robert L. Bradford."

The record fails to show whether appellant's objections to the information were called to the attention of the superior court. It does appear that he took an appeal from the judgment of conviction, and that on this appeal no contention was made with reference to the insufficiency of the information. The judgment of conviction was affirmed in an opinion reported in 209 P. 1027, 59 Cal. App. 82.

[1] It appears that appellant petitioned the Supreme Court of California for release on habeas corpus, and that his petition was denied without opinion on the 5th of May, 1924. This latter circumstance was itself sufficient to justify the District Court in denying the petition in this case. Salinger v. Loisel, 44 S. Ct. 519, 265 U. S. 224, 232, 68 L. Ed. 989. The superior court, in which appellant was tried, is a court of general jurisdiction, authorized to try charges based on section 476, supra. It had jurisdiction to determine the sufficiency of the informa-

tion under this section of the Criminal Code. Knewel v. Egan, 45 S. Ct. 522, 268 U. S. 442, 446, 69 L. Ed. 1036.

[2] If petitioner had raised the question he now relies on, the superior court would have had power to pass upon it, and this is the test of jurisdiction of subject-matter. Franklin v. Biddle (C. C. A.) 5 F.(2d) 19.

[3] The judgment of conviction was a determination of the sufficiency of the information, and this conclusion cannot be reviewed on habeas corpus. In re Coy, 8 S. Ct. 1263, 127 U. S. 731, 758, 32 L. Ed. 274; Ex parte Webb, 32 S. Ct. 769, 225 U. S. 663, 674, 56 L. Ed. 1248; Hogan v. O'Neill, 41 S. Ct. 222, 255 U. S. 52, 55, 65 L. Ed. 497.

[4] The jurisdiction of the federal courts to discharge a prisoner held for violation of a state statute is discretionary. Ex parte Royall, 6 S. Ct. 734, 117 U. S. 241, 253, 29 L. Ed. 868.

[5] The jurisdiction is one of extreme delicacy, to be exercised sparingly, and only in circumstances of peculiar urgency. Whitten v. Tomlinson, 16 S. Ct. 297, 160 U. S. 231, 242, 40 L. Ed. 406; Baker v. Grice, 18 S. Ct. 323, 169 U. S. 284, 290, 42 L. Ed. 748; Drury v. Lewis, 26 S. Ct. 229, 200 U. S. 1, 50 L. Ed. 343; Urquhart v. Brown, 27 S. Ct. 459, 205 U. S. 179, 182, 51 L. Ed. 760.

[6] Appellant's ultimate contention is that the information does not state facts sufficient to constitute a crime, under section 476 of the Penal Code. This court has held that this contention is unavailable on habeas corpus. Erickson v. Hodges, 179 F. 177, 180, 181, 102 C. C. A. 443; Bechtold v. U. S. (C. C. A.) 276 F. 816. The decisions of the Supreme Court are to the same effect. Glasgow v. Moyer, 32 S. Ct. 753, 225 U. S. 420, 428, 429, 56 L. Ed. 1147; Henry v. Henkel, 35 S. Ct. 54, 235 U. S. 219, 59 L. Ed. 203; Knewel v. Egan, 45 S. Ct. 522, 268 U. S. 442, 446, 69 L. Ed. 1036.

The order is affirmed.