## ROLFE v. LLOYD.
### No. 9026.

Circuit Court of Appeals, Ninth Circuit.
March 22, 1939.

Rehearing Denied April 12, 1939.

Cecil Calvin Rolfe, Federal Jail, Terminal Island, Cal., in pro. per.

Ben Harrison, U. S. Atty., and Leo V. Silverstein, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Upon Appellant's petition, the writ of habeas corpus issued and after hearing was had the petition for release from the Warden of the Federal penitentiary at San Pedro, California, was denied and the writ was discharged. Exceptions to the Court's rulings were taken and allowed and the petitioner appeals. For convenience appellant will be referred to as petitioner.

Petitioner claims that he was insane when arraigned upon and when he plead guilty to criminal charges pending against him, and that he was insane when he was sentenced. He also claims that he was insane when "he committed the overt acts" to which he plead guilty. Petitioner is confined upon the authority of the sentence imposed and claims that in the circumstances he is entitled to his freedom.

It is, of course, settled law that the issues of a criminal trial cannot be retried through the writ of habeas corpus as upon appeal. Whitney v. Zerbst, Warden, 10 Cir., 1933, 62 F.2d 970;[1] Hall v. Johnston, 9 Cir., 1936, 86 F.2d 820. The trial court, however, having in mind the case of Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406, and the fact that petitioner was appearing in propria persona, heard the petitioner at great length and assisted him in getting his case before the court. Petitioner claims that the United States deputy district attorney in charge of his case at the arraignment and before the court when he made his plea of guilty, failed to protect him, claiming that the attorney had information regarding his sanity which he withheld from the court. He further claims that the Probation Officer appointed to investigate his case failed to perform his full duty.

At the very outset of the hearing petitioner stated, "If your Honor please, this petition, asking for discharge from the Federal Jail at Terminal Island, sets out the facts that at the time of the original arraignment before Judge Cosgrave, the question of competency was before the Court and not determined. Certain officers of the Court either did not present information that they had or did not bother to get information that was available to them. I want to state at this time that this petition has been before the District Court in Tacoma, Washington. The petition was denied on the 26th of March ———." (No appeal was perfected.)

Respondent sets out in haec verba in his return the petition, the findings of fact and conclusions of law in the proceedings referred to by petitioner, and these were all received in evidence by stipulation. The issues in the habeas corpus proceedings in the United States District Court

---

[1] By the details of the case in the opinion and the evidence in the instant proceeding, especially the Department of Justice report, it may be seen that the petitioner in the cited case is the petitioner here.

of Washington were the same as those in the instant proceeding. Senior Judge Wilbur of this Court, in denying leave to appeal in Pagett v. McCauley, 9 Cir., 95 F.2d 839, 840 (habeas corpus) said in part, "In denying the present petition the court properly took judicial notice of its own records. Petitioner had a right of appeal, but did not exercise it. In view of the two previous hearings wherein the court finds the same issue had been presented, it was not an abuse of discretion to deny a third application based on the same ground. The opportunity to be heard upon the second application for a writ of habeas corpus before the same judge or another judge of the same jurisdiction who had denied a prior similar application justifies a denial of the renewed application. In Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989, the Supreme Court held that a prior refusal to discharge a petitioner on an application for writ of habeas corpus was a matter to be considered upon a subsequent application made on similar grounds."

In view of these authorities we do not deem it necessary to here relate the testimony in the instant hearing in detail. The hearing consisted largely of statements made by petitioner. For a long time petitioner had been a hard drinker of intoxicants and his sanity was questioned on occasions. He was at one time confined in the Nevada Hospital for mental diseases and was transferred from there to the psychopathic ward of the Los Angeles County, California, hospital. He was by the Superior Court of that county and state declared to be "mentally sick and bordering on insanity, but not dangerously insane". The psychopathic probation officer assigned to his case later reported that petitioner had made a social recovery and the case was dismissed. Petitioner was examined by the official physician at the Los Angeles County jail and that official reported that petitioner was "mentally oriented with no signs of any form of insanity". Following petitioner's plea of guilty as hereinbefore related and before sentence the probation officer of the Court made an investigation and reported to the Court thereon. This report showed all of the above history, except perhaps the Nevada incident, and petitioner stresses the admitted fact that the probation officer did not get the details thereof from Nevada. His report, however, included a report from the criminal investigation bureau of the Department of Justice, which showed an extensive criminal record, which petitioner freely admitted. The Court properly held that there was no occasion for the application of the writ, and discharged it.

Affirmed.