### UNITED STATES ex rel. BOWEN v. JOHNSTON, Warden.

### No. 23244.

District Court, N. D. California, S. D.

April 20, 1944.

The petitioner was not represented by counsel.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for respondent James A. Johnston.

GOODMAN, District Judge.

Petitioner was sentenced to life imprisonment in February 1933, by a Federal District Court in Georgia after a jury found him guilty of murder committed in the Chickamauga and Chattanooga National Military Park located within the State of Georgia. By his instant petition for writ of habeas corpus he seeks release from Alcatraz Prison where he is presently

confined, upon the ground that the Georgia Federal Court lacked jurisdiction to try and sentence him, because the United States never lawfully accepted jurisdiction over the Park.

In 1890, Georgia Laws 1890–91, Vol. 1, p. 199, the legislature of the State of Georgia ceded to the United States certain jurisdiction over the lands known as the Chickamauga and Chattanooga National Military Park. However in so doing, the State of Georgia specifically reserved criminal jurisdiction thereover. Later Acts of cession contained similar reservations as to criminal jurisdiction. 1890, p. 110; 1895, p. 77; 1901, p. 85; 1902, p. 110. Without further action of the State of Georgia, the federal government would have lacked power to prosecute criminally on the reservation. Bowen v. Johnston, 306 U.S. 19, 29, 59 S.Ct. 442, 83 L.Ed. 455; James v. Dravo Contracting Co., 302 U.S. 134, 146–148, 58 S.Ct. 208, 82 L.Ed. 155, 114 A.L.R. 318. In 1927, however, the Georgia legislature enacted legislation whereby exclusive over-all jurisdiction was ceded to the United States. Georgia Laws 1927, p. 352.

Upon review of a previous application of petitioner for a writ of habeas corpus (Bowen v. Johnston, supra), the Supreme Court ruled that although until 1927 criminal jurisdiction had been reserved by the State of Georgia, exclusive jurisdiction was ceded and established by the Act of 1927. The court looked to the administrative ruling of the Judge Advocate General to the same effect in support of its holding.

Petitioner now claims that formal acceptance by the United States was necessary to validate the state cession of jurisdiction. He asserts in his petition that no express official act of acceptance, by either Congress or any public official, was made subsequent to 1927. Furthermore, he lists a series of Congressional acceptances of other National Parks as evidence of the merit of his contention.

Although the Supreme Court in Bowen v. Johnston did not expressly determine whether federal acceptance of the state cession was a prerequisite to federal jurisdiction, yet it did hold that the district court had jurisdiction. Consequently the petition here could properly be denied upon the authority of that case. While it is true that the Supreme Court decision is not res adjudicata here, because of the nonapplicability of that doctrine to habeas corpus proceedings, nevertheless it is discretionary to refuse the writ on the ground of a prior denial of a similar petition. Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989; Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302.

However there are independent sound reasons for the denial of Bowen's present petition. It has been held that while federal acceptance is necessary, it need not be explicit, but may be implied. So determined in Yellowstone Park Transp. Co. v. Gallatin County, 9 Cir., 31 F.2d 644, where a contention similar to Bowen's was asserted.

Prior to 1940, the Supreme Court decided in several cases, that since state enactments ceding jurisdiction to the federal government conferred a benefit, acceptance was presumed, in the absence of official formal action. Fort Leavenworth R. Co. v. Lowe, 114 U.S. 525, 5 S.Ct. 995, 29 L.Ed. 264; Chicago, R. I. & P. R. Co. v. McGlinn, 114 U.S. 542, 5 S.Ct. 1005, 29 L.Ed. 270; Benson v. United States, 146 U.S. 325, 13 S.Ct. 60, 36 L.Ed. 991.

Petitioner claims that such presumption is not applicable in his case, citing a statute passed by Congress Oct. 9, 1940, 40 U.S.C.A. § 255, providing for express acceptance according to certain formalities and further: "Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been accepted."

However, the law at the time petitioner was tried and sentenced was as determined in Benson v. United States, supra, and the other cited cases. Subsequent legislation, 40 U.S.C.A. § 255, as well as decisions based thereon (cited by petitioner), are of no aid to petitioner.

The petition for writ of habeas corpus is denied and the petition is dismissed.