**SWIHART v. JOHNSTON, Warden.**

No. 10969.

Circuit Court of Appeals, Ninth Circuit.

Aug. 6, 1945.

Rehearing Denied Sept. 17, 1945.

Ralph Swihart, of Alcatraz Island, Cal., in pro. per.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the Eastern District of Oklahoma, hereafter called the Oklahoma court, appellant was indicted for violating section 1 of the Act of February 13, 1913, c. 50, 37 Stat. 670, as amended by the Act of January 21, 1933, c. 16, 47 Stat. 773, 18 U.S.C.A. § 409. The indictment was in two counts. Appellant was arraigned, pleaded not guilty and was tried and found guilty on both counts. Thereupon, on March 13, 1940, the Oklahoma court entered a judgment, hereafter called the Oklahoma judgment, sentencing appellant to be imprisoned for 10 years on each count, the sentences to run consecutively. The United States penitentiary at Leavenworth, Kansas, was designated as the place where appellant's sentences should be served. There appellant was confined until October 27, 1942, when he was transferred to the United States penitentiary at Alcatraz, California, where he ever since has been and is now confined.

On December 16, 1943, appellant petitioned the District Court of the United States for the Northern District of California, hereafter called the California court, for a writ of habeas corpus directed to appellee, warden of the United States penitentiary at Alcatraz. The proceeding thus commenced was No. 23016—R on the docket of the California court. In that proceeding, the court ordered appellee to show cause why a writ of habeas corpus should not be issued. In response thereto, appellee filed a return which showed or purported to show such cause. The court nevertheless issued a writ of habeas corpus. Appellee filed a return thereto and produced appellant in court. A hearing was had, and on May 2, 1944, the court entered a judgment dismissing the writ and remanding appellant to appellee's custody. From that

judgment no appeal was taken. The time within which such an appeal might have been taken expired on August 2, 1944.[1]

On August 23, 1944, appellant again petitioned the California court for a writ of habeas corpus directed to appellee. The proceeding thus commenced was No. 23604—G on the docket of the California court. In that proceeding, the court ordered appellee to show cause why a writ of habeas corpus should not be issued. In response thereto, appellee filed a motion to dismiss the petition. The motion stated "that the reading of this petition [in No. 23604—G] in conjunction with the record in * * * No. 23016—R indicates that there is no merit therein, and that the same is insufficient to justify the issuance of a writ of habeas corpus." The court considered the petition in No. 23604—G, together with the record (including the judgment) in No. 23016—R, and concluded that, in view of the judgment in No. 23016—R, the petition in No. 23604—G should be denied and dismissed. A judgment to that effect was entered on October 3, 1944. From that judgment this appeal was taken.

As indicated above, the California court, in considering, denying and dismissing the petition in No. 23604—G, considered and gave controlling weight to the judgment in No. 23016—R. Appellant contends that this was error. The contention is rejected for the following reasons:

■ Although the doctrine of res judicata does not apply to a judgment refusing to discharge a prisoner on habeas corpus, it does not follow that a refusal to discharge on one petition is without bearing or weight when a later petition is being considered.[2] Each petition is to be disposed of in the exercise of a sound judicial discretion guided and controlled by whatever has a rational bearing on the propriety of the discharge sought.[3] One of the matters which may be considered and given controlling weight is a prior refusal to discharge on a like petition.[4]

■ By the petition in No. 23016—R, appellant, a prisoner, sought discharge from appellee's custody. By the judgment in No. 23016—R, such discharge was refused. By the petition in No. 23604—G, appellant again sought such discharge. Hence the petition in No. 23604—G was addressed to the sound judicial discretion of the court, and in the exercise of that discretion, the court could, as it did, consider and give controlling weight to the judgment in No. 23016—R.[5]

Appellant says that the issues raised in No. 23016—R had no similarity to the issues raised in No. 23604—G. Appellant is mistaken. The petition in No. 23016—R and the petition in No. 23604—G sought the same relief—appellant's discharge from appellee's custody. Both petitions sought such relief on the ground that appellant's detention in appellee's custody was unlawful. Both stated, in substance and effect, that such detention was unlawful because the Oklahoma judgment—the judgment under which appellant was detained in appellee's custody—was void,[6] and both stated why that judgment was void, or was claimed by appellant to be void.

Both petitions stated, in substance and effect, that the Oklahoma judgment resulted from a trial by the Oklahoma court without a jury. The petition in No. 23016—R stated that jury trial was waived by appellant. The petition in No. 23604—G did not expressly so state, but there was attached to that petition, as Exhibit B thereof, a certified copy of the docket entries in the Oklahoma case, which showed that jury trial was waived by appellant.[7] Both petitions made statements the obvious pur-

---

[1] See § 8(c) of the Act of February 13, 1925, c. 229, 43 Stat. 940, 28 U.S.C.A. § 230.

[2] Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989; Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999; Sander v. Johnston, 9 Cir., 11 F.2d 509; Pagett v. McCauley, 9 Cir., 95 F.2d 839; Rolfe v. Lloyd, 9 Cir., 102 F.2d 606; Slaughter v. Wright, 4 Cir., 135 F.2d 613; Pope v. Huff, App.D.C., 141 F.2d 727; Rookard v. Huff, App.D.C., 145 F.2d 708; Ex parte Cuddy, C.C.S.D. Cal., 40 F. 62 (cited with approval in Salinger v. Loisel, supra); United States

v. Johnston, D.C.S.D.Cal., 58 F.Supp. 208 (affirmed in 9 Cir., 146 F.2d 268).

[3] See cases cited in footnote 2.

[4] See cases cited in footnote 2.

[5] See cases cited in footnote 2.

[6] The petition in No. 23016–R expressly stated that the Oklahoma judgment was void. The petition in No. 23604–G stated that the Oklahoma judgment was "without force or effect in law," thus, in effect, stating that it was void.

[7] On March 13, 1940, there were four docket entries. The first read as follows: "Mar. 13—Order said cause proceed to trial before the court the deft having

pose of which was to show that the waiver was invalid and ineffective. The petition in No. 23016—R stated:

"On March 13, 1940, your petitioner [appellant] went into the [Oklahoma court], Judge Alfred P. Murrah presiding, and was thereupon met by counsel W. P. Gullatt,[8] who advised me [appellant] as following: "'I [Gullatt] had a talk with the Judge and District Attorney,[9] they both agree that if you [appellant] will waive a jury trial and take your chances before the Judge, he has agreed to give you probation if you are convicted. I advise you to do that.'

"Your petitioner, against his better judgment, agreed to do this, and accordingly was called to the bench and waived jury trial."

The petition in No. 23604—G stated:

"On March 13, 1940, counsel for petitioner, William P. Gullatt, after repeated attempts to induce petitioner to sign a waiver to trial by jury had failed, * * * conferred and agreed with the court to waive petitioner's right to trial by jury. Such an agreement was made betwixt the court and prosecuting officials, by counsel for petitioner, to waive his constitutional right to trial by jury, and positively was not done in the presence of petitioner.

"When petitioner was returned to court after the noon recess,[10] counsel informed petitioner of this arrangement, as to trial by judge. Petitioner vigorously protested before the court of proceeding to trial without a jury, in words of a common layman. The Honorable Alfred P. Murrah, aforesaid District Judge, told petitioner that he did not have any malice against him; still petitioner protested and was sternly told by aforesaid judge that he had counsel to defend him, and to sit down.

"Petitioner was not advised by the court of the arrangements made by counsel concerning the waiver of trial by jury, or was he advised of his constitutional right thereto, nor of the consequences contingent upon the dispensation of that right."

Thus both petitions challenged the validity of the waiver of jury trial in the Okla-

homa case, thereby challenging the validity of the Oklahoma judgment and the legality of appellant's detention in appellee's custody.

■ It is true that the petition in No. 23604—G stated some matters which the petition in No. 23016—R did not. Obviously, however, these matters (if true) were known to appellant when he filed the petition in No. 23016—R.[11] If appellant intended to rely on these matters, he should have urged them in No. 23016—R.[12] To reserve them for use in a later proceeding "was to make an abusive use of the writ of habeas corpus."[13]

■ Appellant says that appellee was ordered to make a return to the order to show cause and hence should not have been permitted to file a motion to dismiss the petition in No. 23604—G. Appellee was not ordered to make a return. He was ordered to, and did, show cause why a writ of habeas corpus should not be issued. That the showing was entitled "motion to dismiss," instead of "return," is immaterial.

Judgment affirmed.

---

waived in open court his constitutional right to trial by a jury and being represented by counsel Mr. William P. Gullatt."

[8] Counsel for appellant.

[9] Judge Alfred P. Murrah and the United States Attorney for the Eastern District of Oklahoma.

[10] On March 13, 1940.

[11] Cf. Wong Doo v. United States, supra; Pope v. Huff, supra; Ex parte Cuddy, supra.

[12] See cases cited in footnote 11.

[13] Wong Doo v. United States, supra.