GARRISON v. JOHNSTON, Warden.

No. 11104.

Circuit Court of Appeals, Ninth Circuit.

Nov. 20, 1945.

1012

Orville C. Garrison, in pro. per.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the Western District of Missouri, hereafter called the Missouri court, appellant and others were indicted for violating § 588b of Title 12 U.S.C.A. The indictment was in two counts. Count 1 was based on subsection (a) of § 588b. Count 2 was based on subsections (a) and (b) of § 588b. Appellant was arraigned, pleaded not guilty and was tried and found guilty on both counts. Thereupon, on November 13, 1937, judgment was entered sentencing appellant to be imprisoned for 20 years on count 1 and for 25 years on count 2, the sentences to run consecutively. From that judgment an appeal was taken, but was not prosecuted.[1]

Appellant's codefendants were James Harris, George Karatasos, William Newell, Charlie Norvel Arthur and Paul M. Hewitt. Harris, Karatasos, Newell and Arthur pleaded guilty and were sentenced on both counts. Hewitt pleaded not guilty, was tried and found guilty, was sentenced on both counts and took an appeal. On March 5, 1940, the Circuit Court of Appeals rendered a decision holding that counts 1 and 2 charged a single offense, vacating Hewitt's sentence on count 1 and affirming his sentence on count 2.[2] Certiorari to review that decision was denied on May 27, 1940.[3] Thereafter appellant and Harris moved the Missouri court to vacate their sentences on count 1 and petitioned the Circuit Court of Appeals for a writ of mandamus to compel a judge of the Missouri court to grant the motion. On January 18, 1941, the Circuit Court of Appeals rendered a decision holding that the motion should be granted.[4] Accordingly, on January 30, 1941, appellant's sentence on count 1 was vacated. His sentence on count 2 was not disturbed.

The United States penitentiary at Leavenworth, Kansas, was designated as the place where appellant's sentences should be served. On or about January 5, 1938, appellant was transferred from that penitentiary to the United States penitentiary at Alcatraz, California, where he ever since has been and is now confined. On September 26, 1938—before his sentence on count 1 was vacated—appellant petitioned the District Court of the United States for the Northern District of California, hereafter called the California court, for a writ of habeas corpus directed to appellee, warden of the penitentiary at Alcatraz. The proceeding thus commenced was No. 22,802. In that proceeding, appellee was ordered to show cause why a writ of habeas corpus should not be issued. In response thereto, appellee filed a return, which appellant did not traverse. On October 26, 1938, judgment was entered denying the petition. That judgment was affirmed on May 29, 1939.[5] Certiorari to review its affirmance was denied on October 9, 1939.[6]

On April 1, 1941—after his sentence on count 1 was vacated—appellant again petitioned the California court for a writ of habeas corpus directed to appellee.

[1] The appeal was docketed and dismissed on February 25, 1938. Garrison v. United States, 8 Cir., 97 F.2d 1002.

[2] Hewitt v. United States, 8 Cir., 110 F. 2d 1. Cf. Dimenza v. Johnston, 9 Cir., 130 F.2d 465; Coy v. Johnston, 9 Cir., 136 F.2d 818; Wilson v. United States, 9 Cir., 145 F.2d 734; Barkdoll v. United States, 9 Cir., 147 F.2d 617; Minntole v. Johnston, 9 Cir., 147 F.2d 944.

[3] Hewitt v. United States, 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409.

[4] Garrison v. Reeves, 8 Cir., 116 F.2d 978.

[5] Garrison v. Johnston, 9 Cir., 104 F.2d 128.

[6] Garrison v. Johnston, 308 U.S. 553, 60 S.Ct. 107, 84 L.Ed. 465.

The proceeding thus commenced was No. 23,450. In that proceeding, a writ of habeas corpus was issued, appellant was produced, a hearing was had, and on April 9, 1942, judgment was entered discharging the writ and remanding appellant to appellee's custody. From that judgment an appeal was taken, but was not prosecuted.[7]

On February 6, 1945, appellant again petitioned the California court for a writ of habeas corpus directed to appellee. The proceeding thus commenced was No. 24,334. In that proceeding, appellee was ordered to show cause why a writ of habeas corpus should not be issued. In response thereto, appellee filed a return. In that return, the record in No. 23,450 was incorporated by reference. The court concluded that, in view of the judgment in No. 23,450, the petition in No. 24,334 should be denied. Accordingly, on April 25, 1945, judgment was entered denying the petition in No. 24,334. From that judgment this appeal is prosecuted.

As indicated above, the California court, in considering and denying the petition in No. 24,334, considered and gave controlling weight to the judgment in No. 23,450. Appellant contends that this was error. The contention is rejected for the following reasons:

■ Although the doctrine of res judicata does not apply to a judgment refusing to discharge a prisoner on habeas corpus, it does not follow that a refusal to discharge on one petition is without bearing or weight when a later petition is being considered.[8] Each petition is to be disposed of in the exercise of a sound judicial discretion guided and controlled by whatever has a rational bearing on the propriety of the discharge sought.[9] One of the matters which may be considered and given controlling weight is a prior refusal to discharge on a like petition.[10]

■ By the petition in No. 23,450, appellant, a prisoner, sought discharge from appellee's custody. By the judgment in No. 23,450, such discharge was refused. By the petition in No. 24,334, appellant again sought such discharge. Hence the petition in No. 24,334 was addressed to the sound judicial discretion of the court, and in the exercise of that discretion, the court could, as it did, consider and give controlling weight to the judgment in No. 23,450.[11]

It is true that the petition in No. 24,334 stated some matters which the petition in No. 23,450 did not. Obviously, however, these matters (if true) were known to appellant when he filed the petition in No. 23,450. If appellant intended to rely on these matters, he should have urged them in No. 23,450.[12] To reserve them for use in a later proceeding "was to make an abusive use of the writ of habeas corpus."[13]

Judgment affirmed.

[7] A petition for leave to prosecute the appeal in forma pauperis was denied by the California court on April 29, 1942. A similar petition was denied by this court on June 22, 1942. Garrison v. Johnston, 9 Cir., 129 F.2d 318.

[8] Salinger v. Loisel, 265 U.S. 224, 44 S. Ct. 519, 68 L.Ed. 989; Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999; Sander v. Johnston, 9 Cir., 11 F.2d 509; Pagett v. McCauley, 9 Cir., 95 F.2d 839; Rolfe v. Lloyd, 9 Cir., 102 F.2d 606; Swihart v. Johnston, 9 Cir., 150 F.2d 721.

[9] See cases cited in footnote 8.

[10] See cases cited in footnote 8.

[11] See cases cited in footnote 8.

[12] Wong Doo v. United States, supra; Swihart v. Johnston, supra.

[13] See cases cited in footnote 12.