## SARAZZAWSKI v. DUFFY.

Circuit Court of Appeals, Ninth Circuit.

April 7, 1948.

James E. Burns, of San Francisco, Cal., for petitioner.

Fred N. Howser, Atty. Gen., State of California, and Clarence A. Linn, Deputy Atty. Gen., State of California, for respondent.

Before GARRECHT, Circuit Judge.

GARRECHT, Circuit Judge.

The petitioner, under sentence of death for murder, has filed an "application for certificate of probable cause", in which he "prays that this court issue its certificate of probable cause as required by Section 466, Title 28 U.S.C.A." The section that he invokes, however, does not authorize this court to issue such a certificate. It does, however, authorize "a judge of the circuit court of appeals" to do so. In the "notice of application", counsel for the petitioner apparently recognized this fact and recited that the application would be made to me or to one of the other judges of this court.

The petitioner's papers were filed on April 5, 1948, four days before the date set for his execution. The application recites that the United States District Court for the Northern District of California, Southern Division, erred in discharging the order to show cause why habeas corpus should not be granted, and in denying the writ. The petitioner sets forth his conviction and sentence in the Superior Court of Los Angeles County, California, and the affirmance of the judgment and sentence by the Supreme Court of the State, reported in People v. Peterson, 29 Cal.2d 69, 173 P.2d 11.

It is further alleged that on February 21, 1947, the petitioner applied to the Superior [sic] Court of California for a writ of habeas corpus wherein he raised certain

constitutional questions not relevant here; and that, upon the denial of that petition, he applied to the Supreme Court of the United States for a writ of certiorari to review the judgment of conviction and the denial of the writ. That petition was denied on June 23, 1947. Peterson v. California, 331 U.S. 861, 67 S.Ct. 1751.

The application states that on December 4, 1947, the petitioner applied to the Supreme Court of the State for a writ of habeas corpus wherein he alleged facts showing:

"(a) Denial of effective assistance of counsel as his trial; and

"(b) Denial of processes of court in compelling the attendance of witnesses."

It is averred that that petition was denied the same day without requiring a return or answer or affording a hearing.

On December 9, 1947, it is further asserted, the petitioner filed with the State Supreme Court a paper entitled "Petition for Writ of Sanity Inquiry", alleging that the petitioner was about to be executed, that he was insane, and that the warden of the state penitentiary had refused to institute proceedings under certain state laws to afford a judicial inquiry into the petitioner's sanity. That petition, it is asserted, was denied on December 9, 1947, without a hearing.

Further recitals in the application include the following:

The petitioner prayed for a writ of habeas corpus in the District Court hereinabove referred to, and on or about December 19, 1947, one of the judges thereof ordered a stay of execution for thirty days. On January 7, 1948, another judge of that court issued an order directing the respondent to show cause on January 9, 1948, why the writ should not issue. On January 7, 1948, counsel was appointed to represent the petitioner.

The petitioner was not represented by counsel on the appeal from his conviction, but an amicus curiae brief was filed on his behalf in connection with the constitutional questions referred to above. Nor was he represented by counsel in "the three applications" to the Supreme Court of the State or

in the preparation of his petition to the District Court hereinabove mentioned.

The petition in the District Court "alleged facts, either directly or by incorporating allegations of prior petitions", setting forth the identical three contentions that had been adversely passed upon by the Supreme Court of California.

Through the office of the Attorney General of the State, the respondent filed a motion to dismiss on the date that the matter was heard, on the grounds that the petition does not state facts sufficient to warrant the issuance of a writ of habeas corpus, and does not present a sufficient or any federal question.

In addition, the motion to dismiss alleged the taking of the "appeals" and the filing of the petitions hereinabove set forth, and further alleged that the respondent was of the opinion that the petitioner was sane. No answer to the petition or return to the order to show cause was made by the respondent. Over the petitioner's objection, documentary evidence was admitted in support of the motion to dismiss, including the reports of the prison psychiatrists as to the petitioner's sanity.

On January 23, 1948, the District Court granted the motion to dismiss and discharged the order to show cause. Notice of appeal has been filed therefrom and on March 12, 1948, the petitioner applied to a judge of the District Court for a certificate of probable cause, which was denied, with the comment that "this court has not certified that the appeal is not taken in good faith."

■ It is well settled that "When no merit [to the appeal] appears in the application for leave to file an appeal in forma pauperis, the appellate court should refuse to grant it." Redmon v. Squier, 9 Cir., 162 F.2d 195, and the authorities there cited.

In his application, the petitioner argues that his petition in the District Court did not, "on its face * * * show failure on the part of petitioner to exhaust recourse to State courts, including application to the Supreme Court of the United States for certiorari."

■ In this conclusion, I believe that the petitioner is in error. Nowhere in the

papers filed in the District Court or in those filed before me is there any showing that the petitioner applied for a writ of certiorari from the State Supreme Court's denial of his petition for a writ of habeas corpus, filed December 4, 1947. Indeed, he tacitly admits that no such petition was filed, by urging the following arguments in his "points and authorities":

"Exhaustion of State remedies in Habeas Corpus proceedings does not require petition for certiorari to Supreme Court of the United States in every case. * * *

"Only where the highest State court considers and adjudicates the merits of a petition for habeas corpus is review by the United States Supreme Court necessary. * * *

"Where State court decision is not on merits but on nonavailability of Habeas C Corpus petition for certiorari to United States Supreme Court [is] unnecessary for exhaustion of state remedies. * * *

"Habeas Corpus [is] unavailable in California after appeal, in absence of extraordinary circumstances."

 Nor can I agree with the contention embodied in the foregoing quoted paragraphs; namely, that in California, the remedy of habeas corpus is unavailable after appeal, "in absence of extraordinary circumstances", on the grounds urged in the District Court and now pressed before me.

While there may be language in some of the earlier California decisions sustaining the petitioner's position, the matter is set at rest in the recent case of In re Egan, 24 Cal.2d 323, 149 P.2d 693, 698. In that case, the State Supreme Court, in a lengthy and well-considered opinion, having before it a proceeding in habeas corpus, successively took up "issues relating to false testimony" and "deprivation of counsel," the latter point being perhaps the one most strenuously urged in the instant application. In its discussion of habeas corpus as the proper remedy in connection with the latter issue, the court cites, with apparent approval, many decisions of the Supreme Court of the United States, thus indicating that there is no longer any serious difference, if at all, between the ambit of habeas corpus in Federal and in California courts.

But if it be argued that the Supreme Court of the United States *might* have assumed that the Supreme Court of California *might* have considered the Egan case "exceptional" and for that reason granted habeas corpus, and that therefore in the instant case the former court *might* have denied certiorari, the short answer is: The petitioner should have made the effort to obtain a writ of certiorari. Ex parte Hawk, 321 U.S. 114, 116, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572.

In the Hawk case, the court said: "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and *in this Court by appeal or writ of certiorari, have been exhausted."* (Emphasis supplied).

Furthermore, I may add that I have carefully read the opinion of the Supreme Court of California in the instant case, referred to above, and I am thoroughly convinced that the petitioner had a fair trial in the Superior Court of Los Angeles. His case was thoroughly and carefully reviewed by the State Supreme Court, with meticulous regard for all his rights under the Federal Constitution, including his right to counsel. In the opinion of the latter tribunal, it affirmatively appears that the petitioner *was* represented by counsel at the trial. Moreover, the full statement of the facts in that opinion discloses that, in the language of the high court [29 Cal.2d 69, 173 P.2d 16], "the evidence amply supports the verdict", and that full justice has been done to the petitioner by the state courts.

Finally, the petitioner's own application for a certificate of probable cause contains allegations which, as we have seen, reveal that there is no ground for interference with orderly state processes in his case on the part of a United States Circuit Judge. The petitioner has had not one, but many days in court. This tardy eleventh-hour application, filed more than three weeks after the District Court's adverse ruling, is not impressive, but seems to be a bid for another of several stays of execution that have already been granted to him.

As we have seen, several courts have already rejected the petitioner's applications for a writ of habeas corpus, some of them based upon grounds now being urged here. In such a case, as has been said over and over again, though the previous adverse decisions cannot be invoked by the respondent as the basis for a plea of res judicata, yet such earlier denials of the writ have a persuasive effect. Garrison v. Johnston, 9 Cir., 151 F.2d 1011, 1013 certiorari denied, 328 U.S. 840, 66 S.Ct. 1009, 90 L.Ed. 1615; Waley v. Johnston, 9 Cir., 163 F.2d 556, certiorari denied, 68 S.Ct. 145, and the many cases there cited; Moore v. Smith, 9 Cir., 164 F.2d 483, 484.

Even in capital cases, there must be an end to litigation. The application is denied.