STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EUGENE STEWART, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Decided December 13, 1951.

Before Judges JACOBS, EASTWOOD and BIGELOW.

Mr. *Eugene Stewart, pro se,* for the appellant.

Mr. *Horace K. Roberson,* Prosecutor. Hudson County (*Mr. William A. O'Brien,* Assistant Prosecutor, appearing), for the respondent.

The opinion of the court was delivered

PER CURIAM. The defendant Eugene Stewart, a prisoner confined in the State Prison at Trenton in Mercer County, petitioned the Hudson County Court for a writ of *habeas corpus*; by order dated March 26, 1951, his petition was denied and he appeals therefrom.

In 1938 Stewart was convicted of rape and sentenced to serve not less than 7½ nor more than 15 years in the State Prison. He was imprisoned until 1944 when he was paroled. The records indicate that in January, 1945, while on parole, he was convicted in the recorder's court of the Township of North Bergen and was sentenced to serve one year in the Hudson County Penitentiary. In February, 1945, he escaped from the penitentiary but was recaptured and served the balance of his year's sentence there. In June, 1945, he was indicted for the escape, pleaded guilty and was sentenced thereon to serve not less than 2 years and not more than 3 years in the State Prison. He was delivered to the State Prison and served his escape sentence until September, 1947, when, pursuant to revocation of his parole, he was continued in confinement to serve the remaining portion of his original maximum sentence of 15 years for rape.

Upon application by Stewart, the Mercer County Court in 1950 allowed a writ of *habeas corpus*; after hearing and for reasons fully set forth in a letter opinion dated November 17, 1950, the writ was dismissed and the prisoner remanded to custody. The court's ruling that upon revocation of his parole the prisoner was properly continued in confinement to serve the remaining portion of his original maximum sentence of 15 years without credit for any time spent on parole or served under the 2- to 3-year sentence was recently approved

by this court in *State v. Parker,* 15 *N. J. Super.* 412 (*App. Div.* 1951).

 The defendant's petition to the Hudson County Court alleged new grounds for relief which were well known to him when he filed his petition to the Mercer County Court and should have been included in his earlier petition. See *Garrison v. Johnston,* 151 *F. 2d* 1011, 1013 (*9th C. C. A.* 1945), *cert.* denied 328 *U. S.* 840, 90 *L. Ed.* 1615 (1946) where the court noted that the practice of reserving grounds for use in a later petition is "to make an abusive use of the writ of *habeas corpus.*" Furthermore, since the defendant is confined in Mercer County his application for writ should not have been addressed to the court of another county. In any event, we have examined the record before us and are satisfied that the petition was properly dismissed on its merits.

 The petition is devoted almost entirely to an attack on the validity of the 1945 conviction in the recorder's court though the record thereof is complete on its face, no appeal therefrom was ever taken, and the sentence thereunder was fully served. We believe that his attack thereon has no legal foundation but need not pursue the issue in the light of his subsequent conviction for escape. *Cf. Bayless v. United States,* 141 *F. 2d* 578, 579 (*9th C. C. A.* 1944); *United States v. United Mine Workers of America,* 330 *U. S.* 258, 293, 91 *L. Ed.* 884, 912 (1947). He admits his escape, his unappealed conviction therefor pursuant to his plea of guilty, and his full service of the sentence thereunder. And although he alleges the reasons motivating his escape, the absence of counsel (*Quicksall v. Michigan,* 339 *U. S.* 660, 94 *L. Ed.* 1188 (1950)), his mistreatment while confined in the Hudson County Penitentiary and the court's refusal to hear his statement, under the circumstances presented these allegations do not impair the escape conviction and are not material on the present application. We are satisfied that, in view of the revocation of his parole because of his conviction for escape, he is now lawfully confined to serve the remaining portion of

his original maximum sentence of 15 years (*State v. Parker, supra*) and is not entitled to relief on *habeas corpus*.

Affirmed.