**James PERRYMAN, Petitioner,**

v.

**Harold V. FIELDS, Respondent.**

No. 68–238.

United States District Court
C. D. California.

March 4, 1968.

James Perryman, in pro. per.

Thomas C. Lynch, Atty. Gen., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner here seeks a writ of habeas corpus to set aside his conviction in the State Court. His reasons and grounds are in all essential respects identical to the reasons and grounds which he set forth in a prior petition seeking a writ of habeas corpus, filed with the Court, number 68–155–JWC, "James Perryman, Petitioner, v. H. V. Fields, Respondent", and which our colleague, the Honorable Jesse W. Curtis, denied on February 2, 1968. A copy of Judge Curtis's Order is attached hereto

as Exhibit 1,[1] and of course this Court takes judicial notice of it as well as of the petition in that matter.

We find that the grounds and reasons stated in the petition now before us are just as unintelligible as Judge Curtis found them to be in the petition which he denied in the proceeding numbered 68–155–JWC. Like Judge Curtis, we understand petitioner's contention is that a peace officer testified before the State Grand Jury that petitioner had signed a document waiving his constitutional right to counsel, whereas in truth and in fact petitioner did not sign any such document and none was ever presented to him. Petitioner further seems to contend that the police officer committed perjury in so testifying before the Grand Jury.

■ We hereby deny the petition for habeas corpus because although the matter is not *res judicata* by reason of the order of Judge Curtis denying Perryman's prior petition in said proceeding numbered 68–155–JWC, of which we take judicial notice, nevertheless we rightfully give great weight to any prior decision of our colleagues of the District Court Bench in deciding identical or even similar issues. Garrison v. Johnston, 151 F.2d 1011, 1013 (9th Cir. 1945), cert. den. 328 U.S. 840, 66 S.Ct. 1009, 90 L. Ed. 1615 (1946); Pope v. Huff, 79 U.S. App.D.C. 18, 141 F.2d 727, 728 (1944).

Nothing new has been raised by the petitioner in the matter before us. He in essence covers exactly the same grounds and reasons that he covered before Judge Curtis. No additional facts or allegations of any kind are set forth. Nor do any legal or other reasons appear why we now should enter an order in any way different from or contradictory to Judge Curtis's order of February 2, 1968.

■ Moreover, we deny the petition for writ of habeas corpus because nowhere is there a showing of any kind that the judgment which the petitioner seeks to vacate by a writ of habeas corpus was entered because of any unconstitutional denial of his rights. Nowhere does it appear through the petition and its exhibit that the defendant was not informed of his constitutional rights. Nowhere does it appear that any confession or admission of any kind was ever introduced before the Grand Jury or, more importantly, during the trial, which could possibly in any way constitute a deprivation of defendant's constitutional rights. Nowhere does it appear that the judgment of conviction after jury verdict, which was upheld upon appeal by the California District Court of Appeal, the Fifth Appellate District, and by the California Supreme Court, was in any way the result of a trial in which any unconstitutional statement, confession or admission of any kind was introduced.

There is absolutely *no* showing of any kind that the petitioner "is in [State] custody in violation of the Constitution or laws or treaties of the United States." (28 U.S.C. § 2241(c) (3)).

1. EXHIBIT 1
    ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
    Petitioner seeks a writ of habeas corpus to set aside his conviction in the state court for reasons which are unintelligible. The best guess which this court is able to make as to petitioner's contention is that a police officer testified before the grand jury that the defendant had waived his constitutional rights for an attorney and had voluntarily signed a written waiver, whereas no such written waiver was introduced into evidence and the defendant believes that no such document exists.

    It does not appear in what respect such facts, if they be facts, are material. Defendant does not deny that he was informed of his constitutional rights, nor does it appear that any confession or admission of any kind was introduced before the grand jury or at the time of trial which would constitute a deprivation of defendant's constitutional rights.

    The petition for writ of habeas corpus is therefore denied.

    DATED: February 2, 1968.
        JESSE W. CURTIS
        United States District Judge

It follows that there are no grounds or reasons of any kind set forth or shown for the issuance of a writ of habeas corpus.

Therefore, it is hereby ordered that the petition for writ of habeas corpus be and the same is denied.