DIMENZA v. JOHNSTON, Warden.

No. 10080.

Circuit Court of Appeals, Ninth Circuit.

Sept. 10, 1942.

Rehearing Denied Oct. 8, 1942.

See 131 F.2d 47.

John Bennett King, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the trial court denying Philip Dimenza's petition for writ of habeas corpus. Petitioner was sentenced to an aggregate term of twenty-two years, as follows: five years under count one of his indictment, for violation of 12 U.S.C.A. § 588b (a); five years each under counts two, three and four for violations of 12 U.S.C.A. § 588b (b); and two years under count five for conspiracy to violate § 588b (b), all to be served consecutively.

Petitioner, conceding the validity of his sentence under counts two and five, petitioned for release after service thereof, on the ground that the sentences under the remaining counts were invalid.

The lower court held that the first count of the indictment was merged in the second count and, consequently, the two together supported but one term of five years, reducing the total term to seventeen years. As this term had not been served, the petition was denied, and petitioner appeals from the order of denial.

Petitioner concedes that unless count one, charging bank robbery by force and violence and putting in fear, and counts two, three and four, charging the same bank robbery with the use of dangerous weapons jeopardizing the lives of three separate persons, all charge a single offense, that of bank robbery with deadly weapons endangering human life, the sentence has not yet expired. Section 588b (a) provides a punishment of not more than twenty years and a fine of not more than $5,000 for robbery of a bank by force and violence or putting in fear, whereas § 588b (b) provides a punishment of not more than twenty-five years or a fine of not less than $1,000 nor more than $10,000, or both, for such robbery where by assault the life of any person is put in jeopardy by the use of a dangerous weapon or device. The theory of the petitioner is that the second offense mentioned includes all the elements of the first; consequently that it is error to impose separate sentences for each, as there was but one offense. Petitioner also contends that the second, third and fourth counts in the indictment, differing only in that each named a different person as the one placed in jeopardy by the same robbery with deadly weapons, were duplications of a single offense of robbing a bank and jeopardizing the life of "any person" by the use of deadly weapons.

The test in determining whether more than one offense is charged in an indictment or denounced by statute is whether or not each supposed offense requires proof of some fact which the others do not. United States v. Noveck, 273 U.S. 202, 206, 47 S.Ct. 341, 71 L.Ed. 610. Applying this test to the statute here involved we find that 12 U.S.C.A. § 588b (a) describes the offense of bank robbery by taking from the person or presence of another by force or violence or by putting in fear. Section 588b (b) deals with the commission or attempt to commit the foregoing offense by assaulting or putting in jeopardy the life of any person by the use of a dangerous weapon or device. The question here presented has already been decided by the Fifth and Eighth Circuit Courts of Appeals. These courts hold that the offense of bank robbery by the use of deadly weapons as defined in § 588b (b) is the same offense described in § 588b (a) aggravated by the use of a deadly weapon, and that Congress did not intend to define two separate offenses but only one, either aggravated or not. Durrett v. United States, 5 Cir., 107 F.2d 438; Wells v. United States, 5 Cir., 124 F.2d 334; Hewitt v. United States, 8 Cir., 110 F.2d 1. There is nothing in Schultz v. Zerbst, 10 Cir., 73 F.2d 668, cited by respondent, in conflict with this view.

We conclude that the sentence on count two covered the entire crime described in counts one, two, three and four, and that the punishment imposed thereon covered all counts of the indictment except the two year sentence on count five. Consequently the petitioner, having served seven years, less allowance for good time, should be released.

Reversed.