### WILSON v. UNITED STATES.
### No. 10711.

Circuit Court of Appeals, Ninth Circuit.
Nov. 10, 1944.

---

[6] Sec. 575(a), Vehicle Code of the State of California, St.1935, p. 189.

Raymond John Wilson, in pro. per.

Charles H. Carr, U. S. Atty., and James M. Carter, and V. P. Lucas, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted for violating § 588b of Title 12 U.S.C.A. The indictment was in two counts. Appellant pleaded guilty to both counts. Thereupon, on May 20, 1941, judgment was entered sentencing appellant to be imprisoned for seven years and six months on each count, the two sentences to run consecutively. On July 24, 1941, that judgment was vacated and a judgment was entered sentencing appellant to be imprisoned for seven years and six months on count 1 and for two years and six months on count 2, the two sentences to run consecutively. On December 17, 1943, appellant moved to vacate the judgment of July 24, 1941, hereafter called the judgment. From an order denying the motion this appeal is prosecuted.

The ground of the motion was that the judgment imposed two sentences for a single offense.[1] The judgment did impose two sentences—one on each of the two counts of the indictment—and did so upon the evident assumption that the two counts charged two distinct offenses. The motion challenged that assumption and asserted that the two counts charged a single offense.

Count 1 was based on subsection (a) of § 588b. Count 2 was based on subsections (a) and (b) of § 588b. Subsections (a) and (b) provide:

"(a) Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank,[2] * * * shall be fined not more than $5,000 or imprisoned not more than twenty years, or both; * * *.

"(b) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both."

Subsection (b), as we construe it, does not define an offense distinct from the

1 Cf. Gargano v. United States, 9 Cir., 140 F.2d 118.

2 Section 588a of Title 12 provides: "As used in section 588b of this title the term 'bank' includes any member bank of the Federal Reserve System, and any bank * * * organized or operating under the laws of the United States * * *."

offense defined in subsection (a). It does prescribe minimum and maximum penalties for an aggravated form of the offense defined in subsection (a). These penalties are in lieu of, and not in addition to, those prescribed in subsection (a). In so construing subsection (b), we reaffirm Dimenza v. Johnston, 9 Cir., 130 F.2d 465, which followed Durrett v. United States, 5 Cir., 107 F.2d 438; Hewitt v. United States, 8 Cir., 110 F.2d 1; Wells v. United States, 5 Cir., 124 F.2d 334, and was followed by Lockhart v. United States, 6 Cir., 136 F.2d 122; Coy v. Johnston, 9 Cir., 136 F.2d 818. See, also, Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392.

Count 1 charged that on or about March 12, 1941, at Los Angeles, California, the defendants (appellant and four others) "did knowingly, wilfully, unlawfully and feloniously, and by putting in fear, take and attempt to take from the presence of another, to-wit, one Roger W. Haglund, certain money, that is to say, the sum of $1,105.70, belonging to, and in the care, custody, control, management and possession of the Broadway and 54th Street Branch of the Citizens National Trust and Savings Bank, which said bank was then and there organized and operating under the laws of the United States and was then and there a member of the Federal Reserve System." Thus count 1 charged an offense defined in subsection (a). It did not charge any aggravating circumstance.

Count 2 charged that at the time and place aforesaid, the defendants "did knowingly, wilfully, unlawfully and feloniously commit an offense defined in subsection (a) of section 588b, Title 12 United States Code, in that they, the said defendants, did knowingly, wilfully, unlawfully, and feloniously, and by putting in fear, take and attempt to take from the presence of Roger W. Haglund certain money, that is to say, the sum of $1,105.70, belonging to, and in the care, custody, control, management and possession of the Broadway and 54th Street Branch of the Citizens National Trust and Savings Bank which said bank was then and there organized and operating under the laws of the United States and was then and there a member of the Federal Re-

serve System; that in committing said offense defined in subsection (a) of section 588b, Title 12 United States Code, the said defendants did then and there knowingly, wilfully, unlawfully and feloniously assault the said Roger W. Haglund and put in jeopardy the life of said Roger W. Haglund by use of dangerous weapons, to-wit: a sawed-off shotgun and a .45 caliber automatic pistol." Thus count 2 charged the identical offense charged in count 1 and, in addition, charged aggravating circumstances.

█ █ It is clear, therefore, that counts 1 and 2 charged a single offense. Since count 2 charged aggravating circumstances and count 1 did not, appellant should have been sentenced on count 2 and should not have been sentenced on count 1.[3] The judgment sentenced appellant on both counts. The sentence on count 1 was invalid for reasons just stated. The sentence on count 2 was less than the minimum prescribed in subsection (b) and for that reason it, too, was invalid.[4] Hence a new sentence on count 2 is required.

█ What that sentence shall be is a question which, within the limits prescribed in subsection (b), rests in the District Court's discretion. With the exercise of that discretion we are not empowered to interfere.[5] Hence we may not, as suggested by appellant, direct the District Court to "restore" the original sentence on count 2.

In Coy v. Johnston, supra, we affirmed an order denying a petition for a writ of habeas corpus. That case, however, is no authority for affirming the order here under review, for this was not an order denying a petition for a writ of habeas corpus, but was an order denying a motion to vacate a judgment.[6] The motion should have been granted.

Order reversed and case remanded with directions to vacate the judgment of July 24, 1941, and to enter a judgment sentencing appellant on count 2 of the indictment and not on count 1, such sentence to be within the limits prescribed in subsection (b) of § 588b of Title 12 U.S.C.A.

3 Dimenza v. Johnston, supra; Durrett v. United States, supra; Hewitt v. United States, supra; Wells v. United States, supra.

4 Coy v. Johnston, supra.

5 Freeman v. United States, 9 Cir., 243 F. 353; Kachnic v. United States, 9 Cir., 53 F.2d 312, 79 A.L.R. 1366; Crono v. United States, 9 Cir., 59 F.2d 339.

6 Cf. Lockhart v. United States, supra.