## BARKDOLL v. UNITED STATES.

### No. 10858.

Circuit Court of Appeals, Ninth Circuit.

Feb. 15, 1945.

MATHEWS, Circuit Judge, dissenting.

———◆———

Lloyd H. Barkdoll, in pro. per.

Carl C. Donaugh, U. S. Atty., and J. Mason Dillard, Asst. U. S. Atty., both of Portland, Or., for appellee.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

Count 1 of the indictment charged appellant with the violation of Section 88, Title 18 U.S.C.A.; counts 2 and 3 with violations of Section 588b(a) and (b), Title 12 U.S.C.A.; and count 4 with violation of Section 588c, Title 12 U.S.C.A.

Appellant plead guilty to all four counts. The court sentenced appellant on July 29, 1937, to 2 years' imprisonment on count 1, 20 years on count 2, 25 years on count 3, and to life imprisonment on count 4. The terms of imprisonment on counts 1, 2 and 3 were to run consecutively but concurrently with the term of life imprisonment on count 4.

On May 24, 1943, appellant made application for amendment and correction of sentence on the ground that counts 2 and 3 charged violation of the same offense and only one sentence should have been imposed, and further that count 4 of the indictment was not valid and sufficient. The appellant has appealed from the judgment of the lower court denying the application for correction of the sentences. This Court has held that Section 588b defines one crime, aggravated or not aggravated. Only one sentence can be imposed. Wilson v. United States, 9 Cir., 145 F.2d 734; Dimenza v. Johnston, 9 Cir., 130 F.2d 465. See cases cited therein.

The appellant's second point on appeal is that the indictment is insufficient as to count 4 because all the elements of the offense as delineated in Section 588c are not alleged. Section 588c reads:

"§ 588c. Same; killing or kidnapping as incident to robbery

"*Whoever, in committing any offense defined in section 588b of this title,* or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or *forces any person to accompany him without the consent of such person,* shall be punished by imprisonment for not less than 10 years, or by death if the verdict of the jury shall so direct."

Appellant contends that count 4 does not use the words "or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense" and therefore is not valid. This precise question has

not been raised before in respect to Section 588c. However, the statute says that in committing the offense described in Section 588b *or* in avoiding apprehension for having committed such offense *or* in freeing oneself from arrest for such offense, killing another *or* forcing another to accompany you constitutes a crime punishable as prescribed therein. The use of the word "or" clearly indicates alternate circumstances. We hold this indictment sufficient as the crime is described as "that in committing said offense the said defendants did force Oscar Hoverson to accompany them, without his consent." We believe count 4 pleaded essential facts with sufficient certainty to apprise the appellant of what he would be required to meet and enable him to prepare his defense. It is sufficient in law and in fact. Furthermore, appellant plead guilty to the crime set forth in count 4.

The sentence under count 1 has been served. The appellant should have been sentenced for only one term of imprisonment under counts 2 and 3. However, the life sentence running concurrently with the other sentences is a valid one and has not yet been served. We affirm the judgment of the lower court denying appellant's application for correction of the sentence.

MATHEWS, Circuit Judge (dissenting).

Appellant was indicted in the District Court of the United States for the District of Oregon. The indictment was in four counts. Appellant pleaded guilty to each count and was thereupon sentenced to be imprisoned for 2 years on count 1, for 20 years on count 2, for 25 years on count 3, and for life on count 4, the sentences on counts 1, 2 and 3 to run consecutively, the sentence on count 4 to run concurrently with the sentences on counts 1, 2 and 3.

The judgment sentencing appellant was entered on July 29, 1937. The United States penitentiary at Alcatraz Island, California, was designated as the place where his sentences should be served. He began serving his sentences on counts 1 and 4 on July 29, 1937. His sentence on count 1 expired on July 29, 1939. Since that date he has been, and is now, serving his sentences on counts 2 and 4.

On May 24, 1943, at Alcatraz Island, California, appellant signed and verified [1] a motion entitled "The petitioner's motion for amendment and correction of sentence" [2] and an affidavit entitled "Affidavit for leave to file and prosecute the petitioner's motion annexed hereto for correction of sentence in forma pauperis." [3] On or shortly after May 24, 1943, the motion and affidavit were transmitted by mail to one of the judges of the District Court for the District of Oregon.

The motion did not, in fact, pray for the amendment or correction of any sentence. Instead, it prayed that the District Court vacate the sentences on counts 2, 3 and 4 of the indictment, enter judgment "in conformity to law," issue a writ of habeas corpus ad prosequendum, and appoint counsel to represent appellant.

The affidavit stated that appellant was a citizen of the United States, that he was the "petitioner in the verified motion for correction of sentence," that he believed himself entitled to the redress sought therein, and that he was without money and unable to pay the costs of "said suit or action," meaning obviously the costs of filing and prosecuting the motion; and it prayed that appellant have leave to file and prosecute the motion in forma pauperis. [4] Thus the affidavit was, in effect, a petition for leave to file and prosecute the motion in forma pauperis, and was so treated by the District Court.

On June 15, 1944, the District Court entered an order denying the petition for leave to file and prosecute the motion in forma pauperis. The order reads as follows:

"The petition of Lloyd H. Barkdoll for leave to prosecute a motion for correction of sentence in forma pauperis having been tendered by letter to the court for filing, and the court having set the matter down for argument and having appointed Hugh L. Biggs as attorney for petitioner and having had two hearings on said matter and having fully considered the arguments and authorities presented at said hearings on one of which counsel appointed by the court participated.

"It is now ordered and adjudged that the motion to file a petition [5] for the correction

---

[1] Verification was before an associate warden of the penitentiary.

[2] The majority opinion calls the motion an "application for amendment and correction of sentence."

[3] The majority opinion does not mention the affidavit.

[4] See 28 U.S.C.A. § 832.

[5] Meaning obviously the petition for leave to file and prosecute the motion.

of the sentence in forma pauperis is denied. The court finds that a valid sentence for the time which has not expired is in effect."

From that order this appeal is prosecuted.[6] That order was not a final decision, within the meaning of section 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a), and was not appealable.[7]

The appeal should be dismissed.

---

6 The majority opinion states that "appellant has appealed from the judgment of the lower court denying the application for correction of the sentences." Actually, there was no such judgment, nor any such appeal. The socalled "application for correction of the sentences"

was never filed, much less denied. The above quoted order of June 15, 1944, was the only order or "judgment" in the case. The appeal from that order was the only appeal taken.

7 Crockett v. United States, 9 Cir., 136 F.2d 11.