### WILSON v. UNITED STATES.
### No. 10960.

Circuit Court of Appeals, Ninth Circuit.

June 5, 1945.

Rehearing Denied Aug. 3, 1945.

Raymond J. Wilson, in pro. per.

Charles H. Carr, U. S. Atty., and James M. Carter and V. P. Lucas, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted for violating § 588b of Title 12 U.S.C.A. The indictment was in two counts. Appellant pleaded guilty to both counts. Thereupon, on May 20, 1941, judgment was entered sentencing appellant to be imprisoned for seven years and six months on each count, the two sentences to run consecutively. On July 24, 1941, that judgment was vacated and a judgment was entered sentencing appellant to be imprisoned for seven years and six months on count 1 and for two years and six months on count 2, the two sentences to run consecutively.

On December 17, 1943, appellant moved to vacate the judgment of July 24, 1941. An order denying the motion was entered on March 3, 1944. On November 10, 1944, we reversed that order and remanded the case with directions to vacate the judgment of July 24, 1941, and to enter a judgment sentencing appellant on count 2 and not on count 1, such sentence to be within the limits prescribed in subsection (b) of § 588b of Title 12 U.S.C.A. 145 F.2d 734.

Pursuant to our mandate, the District Court, on December 29, 1944, vacated the judgment of July 24, 1941, and entered a judgment sentencing appellant to be imprisoned for six years and seven months on count 2. From that judgment this appeal is prosecuted.

Stated grounds of the appeal are that the judgment of December 29, 1944, was void because appellant had been previously sentenced on count 2, and that the sentence imposed by the judgment of December 29, 1944, constituted double jeopardy. These grounds are untenable. There were, it is true, two previous sentences on count 2— one on May 20, 1941, and one on July 24, 1941—but, as indicated above, the judgments imposing those sentences were vacated. The judgment of December 29, 1944, was a valid judgment. The sentence it imposed did not constitute double jeopardy.

Judgment affirmed.