**510**

## CRUM v. UNITED STATES.

### No. 11060.

Circuit Court of Appeals, Ninth Circuit.

Oct. 25, 1945.

Rehearing Denied Dec. 4, 1945.

Chester W. Crum, in pro. per., for appellant.

Carl C. Donaugh, U. S. Atty., and Mason Dillard, Asst. U. S. Atty., both of Portland, Ore., for appellee.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from an order of the district court denying a motion of appellant to vacate the sentence imposed upon him by the district court on July 29, 1937, and to re-sentence him in conformity to the provisions of 12 U.S.C.A. § 588b and § 588c. The indictment in the criminal case (C-15153) in question was in Four Counts and charged appellant with the violation of 18 U.S.C.A. § 88 in Count One. Counts Two and Three charged violations of 12 U.S.C.A. § 588b(a) and (b), respectively, and Count Four charged a violation of 12 U.S.C.A. § 588c.

On his plea of guilty (while represented by counsel) he was sentenced on Count One to imprisonment for a period of two years; on Count Two to imprisonment for a period of twenty years; on Count Three to imprisonment for a period of 25 years and a fine of $1,000; on Count Four to imprisonment for the term of 25 years. All four terms of imprisonment were to run *concurrently*. He is now confined in a United States penitentiary serving these sentences of imprisonment.

In his assignment of errors he challenges the application of the rule announced in Barkdoll v. United States, 9 Cir., 147 F.2d 617, and asserts that he was wrongfully sentenced three times for the same alleged violation of law.[1]

The sentence under Count One has been served. Appellant should not have been sentenced under Count Two for the reason that the charge set forth in Count Three is an aggravation of the offense described in Count Two. The proper sentence under such circumstances is on Count Three.[2]

The sentence on Count Three (imprisonment for 25 years and a fine of $1,000) was a valid sentence within the provisions of 12 U.S.C.A. § 588b(b). The

---

[1] Barkdoll and appellant were co-defendants in the original criminal prosecution in the district court.

[2] See Coy v. Johnston, 9 Cir., 136 F.2d 818, 819, 820; Dimenza v. Johnston, 9 Cir., 130 F.2d 465; Wilson v. United States, 9 Cir., 145 F.2d 734; Barkdoll v. United States, 9 Cir., 147 F.2d 617. See also Miller v. United States, 2 Cir., 147 F.2d 372; Holiday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392.

sentence on Count Four (imprisonment for 25 years) was a valid sentence within the provisions of 12 U.S.C.A. § 588c. See Carter v. Johnston, 9 Cir., 145 F.2d 882.[3]

The order of the lower court is reversed and case remanded with directions to vacate the sentence under Count Two in criminal cause C-15153 entered by the district court on the 29th day of July, 1937.

---

[3] Appellant challenges the validity of the sentences under Counts Three and Four and urges that the (20 year) sentence under Count Two be declared to be the only valid and legal sentence.

