### STEVENSON v. JOHNSTON.
No. 26903.

District Court, N. D. California, S. D.
May 21, 1947.
Judgment Affirmed Oct. 9, 1947.
See 163 F.2d 750.

A. J. Zirpoli, of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

HARRIS, District Judge.

Petitioner, confined at Alcatraz Penitentiary, is serving a term of twenty-five years imposed under two counts of an indictment charging him with the armed robbery of a national bank.[1] He was sentenced on November 8, 1937, to a term of fifteen years under count one of said indictment and twenty-five years under count two, the sentences to run consecutively. The trial court on January 18, 1938, amended and modified the sentences as follows: "Sentences under count one and two of the indictment to be served concurrently and not consecutively".[2]

Petitioner has served fifteen years in the federal penitentiary including allowances for good time, and now contends that the crime charged and offense committed, notwithstanding the separate counts of the indictment and the conviction thereunder, were single in legal effect and that the trial court was without authority and power to impose a sentence under both counts.[3] Also, Petitioner concludes that said sentence was defective and a nullity as to one count.[4] He asserts that the limit of the court's sentencing power was exhausted and spent when it exacted a penalty of fifteen years under the first count.[5] Finally, Petitioner claims that since he has served the term imposed under the assertedly valid and binding count, he therefore has satisfied the judgment and is entitled to his release forthwith.[6]

Commencing with the decision of Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392, it has been recognized that Section 588b(a) (b) of Title 12 U.S.C.A. authorized a single sentence. However, the Supreme Court also considered that the mistaken imposition of two sentences for a single offense was not a fatal error, nor in violation of the constitutional rights of a defendant.

"The erroneous imposition of two sentences for a single offense of which the accused has been convicted, or as to which he has pleaded guilty, does not constitute double jeopardy. * * * Conceding, without deciding, that (petitioner) is right in saying the first sentence is the only valid one, he has not served that sentence and is not entitled now to be discharged from

---

[1] 12 U.S.C.A. § 588b (a) (b) referred to in opinion as "Bank Robbery Act".

[2] The full text of the amended and modified judgment and sentence reads as follows:

"It appearing from the files and records herein that said respondent, was, by verdict of the jury at the present term of this court, found guilty of the charges contained in the indictment filed against him, and that he was sentenced on November 8, 1937, under count one of the indictment to be imprisoned for a period of fifteen years, and under count two of the indictment, to be imprisoned for a further period of twenty-five years, said sentences under counts one and two to be served consecutively and not concurrently; and it further appearing that the interests of justice will be served thereby and that it is necessary so to do.

"It is ordered by the court now here that said sentence so pronounced and entered at the present term of court, on November 8, 1937, be and the same is hereby amended to read as follows, to-wit: Sentences under counts one and two of the indictment to be served concur-

rently and not consecutively. It is further ordered that the sentences as originally imposed are to remain in full force and effect except as hereby amended.

"It is further ordered by the court that the clerk be and he is hereby instructed to forward a certified copy of this amendment of said sentence to the Attorney General of the United States and to his authorized representative at Leavenworth, Kansas".

[3] Holiday v. Johnston, 313 U.S. 342, 349, 550, 61 S.Ct. 1015, 85 L.Ed. 1392; Barnes v. United States, 9 Cir., 142 F. 2d 648.

[4] Holbrook v. United States, 8 Cir., 136 F.2d 649; Miller v. United States, 2 Cir., 147 F.2d 372; Holbrook v. Hunter, 10 Cir., 149 F.2d 230; Giles v. United States, 9 Cir., 157 F.2d 588.

[5] United States v. Sims, D.C.W.D.Mo., 72 F.Supp. 631; United States v. Milton, D.C.E.D.Okl.*

* No opinion for publication.

[6] Ex parte Lange, 85 U.S. 163, 21 L. Ed. 872; In re Bradley, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 500.

custody under it. * * * (If the second sentence is void), his remedy is to apply for vacation of the sentence and a resentence in conformity to the statute under which he was adjudged guilty." 313 U.S. at page 349, 61 S.Ct. at page 1017, 85 L.Ed. 1392.

Since the application for writ of habeas corpus was brought prematurely by Holiday in the Supreme Court, the ruling as to the nature of the Bank Robbery Act with respect to the power and authority of the court in sentencing the defendant was dictum. Subsequent cases, however, have followed it in holding that the act permits the imposition of but one valid sentence.

Divergent views arise only on the question of which count is valid and which count invalid after the court has imposed sentence under both subsections (a) and (b) of 588b. In several cases the courts have sustained the validity of the sentence under the first count;[7] in others they have upheld the sentence under the second count.[8] There is a consistency maintained by the appellate courts in sustaining the intention of the trial court as shown by the severity of the sentence meted out.

It appears that in every instance the count which carried with it the greater penalty as imposed by the court was held valid. Until the decision in Holbrook v. United States, 8 Cir., 136 F.2d 649, the rationale was that the first count standing for the lesser offense was a nullity[9] or was merged in the second count embracing the aggravated offense. In United States v. Holiday, D.C., 44 F.Supp. 747, at page 750, the court said: "* * * The imposition of sentence under count one, which was a part of count two, to which the defendant had pleaded guilty, was mere surplusage and void. * * * the sentence imposed under count one of the indictment should be vacated."

■■ It will be noted that the District Court did not concede nor uphold the validity of the sentence under the first count as suggested by the Supreme Court when Holiday first sought relief. In affirming the district court, the circuit court in Holiday v. United States, 8 Cir., 130 F.2d 988, 990, declared: "If the District Court * * * when Holiday entered his plea of guilty, had imposed the same sentences which were then imposed and had made them concurrent, instead of consecutive, the validity of the sentence of fifteen years would not be open to question, for the rule is that when a defendant is convicted upon several counts of an indictment the judgment and sentence will be sustained if he was properly convicted under any count which is good and is sufficient in itself to support the judgment."

This doctrine is fatal to petitioner's contention. In the Holbrook case, as noted, the sentence of twenty years on the first count was sustained as valid in an effort to carry out the expressed intention of the trial court. However, the circuit court made it clear that the sentence on the second count did not fall of its own weight,[10] and directed the trial court "to vacate the

---

[7] Holbrook v. United States, supra; Holbrook v. Hunter, supra; United States v. Sims, D.C.W.D.Mo., 72 F.Supp. 631; United States v. Milton, D.C.E.D. Okl.,* sustaining the validity of the first count only. The two district court orders correcting sentences were rendered without opinion. They apparently were made through a mistaken interpretation or misapplication of the majority view in Holbrook v. United States, supra, which is fundamentally in accord with the rule announced in Holiday v. United States, supra.

* No opinion for publication.

So far as can be determined, the authorities construing the Bank Robbery Act have arisen prior to the time that a petitioner appeared to have completed serving his sentence on either count under the indictment, with the possible exception of Holbrook v. United States, 8 Cir., 136 F.2d 649.

[8] Dimenza v. Johnston, 9 Cir., 130 F. 2d 465; Wells v. United States, 5 Cir., 124 F.2d 334; Miller v. United States, 2 Cir., 147 F.2d 372, as held by District Court on remand; United States v. Holiday, D.C., 44 F.Supp. 747, affirmed 8 Cir., 130 F.2d 988.

[9] Dimenza v. Johnston, supra; Hewitt v. United States, 8 Cir., 110 F.2d 1, certiorari denied 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409; Wilson v. United States, 9 Cir., 145 F.2d 734; United States v. Murray, D.C., 57 F.Supp. 590.

[10] It should be noted that in Holbrook v. United States, 136 F.2d at pages 653, 654, there is a strong dissent by Woodrough, C. J., who said: "The crime

five year sentence \* \* \* on the second count" [136 F.2d 652].

■ The matter of imposition of sentence is not a game whereby procedural inaccuracies open penitentiary gates. In the case of Coy v. United States, 6 Cir., 156 F.2d 293, 295, the court quoted with approval the following language which appeared in Coy v. Johnston, 9 Cir., 136 F.2d 818: "Justice and common sense alike would appear to require that it (the sentence) be upheld." The Supreme Court in Bozza v. United States, 67 S.Ct. 645, at page 649, uses the compelling language from In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 327, 38 L.Ed. 149: "The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment \* \* \* because the court committed error in passing sentence."

Again in King v. United States, 69 App. D.C. 10, 98 F.2d 291, 296: "Sentencing should not be a game in which a wrong move by the judge means immunity for the prisoner."

■ As the result of successive decisions under the Bank Robbery Act the correct manner of imposing sentence upon a defendant has been evolved. In the recent case of United States v. Vasilick, D.C., 68 F.Supp. 725, the trial court suspended sentence on the first count of the indictment "for the reason that the offense therein charged is considered as having been merged in the second count of the indictment." The doctrine of merger has similarly been announced in United States v. Murray, D.C., 57 F.Supp. 590; Wilson v. United States, 9 Cir., 145 F.2d 734; Hewitt v. United States, 8 Cir., 110 F.2d 1, certiorari denied, 310 U.S. 641, 60 S.Ct.

1089, 84 L.Ed. 1409, and United States v. Holiday, supra. Compare Schwartz v. United States, 9 Cir., 160 F.2d 718.

■ In finality, the responsibility of this court in reviewing the sentence is to vindicate the defendant's right under the Fifth Amendment against double jeopardy or punishment.

In the instant case the jury convicted and returned a verdict under counts one and two (see Note 2); there was no appeal, and it must be considered as irrevocably established that the evidence supported the verdict. Coy v. United States, 6 Cir., 156 F.2d 293, 295.

■ The underlying problem therefore is not a mere exercise in abstract reasoning. An examination of the verdict of the trial jury and the court's order correcting the sentence compel the conclusion that the lesser offense merged into the greater and that the sentence imposed under count one for all purposes merged with that pronounced for the aggravated offense.[11] In Holbrook v. United States, supra, the court used appropriate language which suggested that a like decision would have been reached had the sentences imposed been concurrent rather than consecutive. 8 Cir., 136 F.2d 649, 652. See, also, Miller v. United States, 2 Cir., 147 F.2d 372, 374, where the court stated that concurrent sentences would have led to a different result. This is so whether the doctrine of merger be followed, or the sentence on count one be considered mere surplusage and void as declared in United States v. Holiday, supra. Petitioner cannot complain of double jeopardy where a void sentence is imposed by the trial court to run concurrently with an otherwise valid judgment and sentence.[12]

Consequently, petitioner herein must re-

---

charged in the second count included the felonious acts of the first count and only the one sentence imposed under the second count was justified. The other was a nullity and the court's error (in pronouncing sentence under it) is rendered harmless by so regarding it."

[11] Wells v. United States, 5 Cir., 124 F.2d 334.

[12] Levine v. Hudspeth, 10 Cir., 127 F.2d 982, 984: "The original judgment and sentence of the Michigan court was in-

valid and a nullity. It, therefore, did not constitute jeopardy and the petitioner's subsequent trial and conviction on the same indictment by the same court does not constitute double jeopardy." To the same effect, Mitchell v. Youell, 4 Cir., 130 F.2d 880, 882: "It is settled that an accused is not put in jeopardy by a void judgment of conviction, and that upon his discharge thereunder he may be again arrested and prosecuted."

main confined until he has served the full term imposed by the court under the second count.[13]

The petition for writ of habeas corpus is dismissed and the order to show cause is discharged.

---

[13] The rule is somewhat analogous to that of a decision upholding a general sentence which is supported by valid counts, despite the addition of void counts in the sentence. See Whitfield v. State of Ohio, 297 U. S. 431, 56 S.Ct. 532, 80 L.Ed. 778; Gantz v. United States, 8 Cir., 127 F.2d 498, 501; McDonald v. Johnston, 9 Cir., 149 F.2d 768; McDonald v. Moinet, 6 Cir., 136 F.2d 939; United States v. Lynch, 7 Cir., 159 F.2d 198, 199.