## McNEALY v. UNITED STATES.

### No. 12050.

Circuit Court of Appeals, Fifth Circuit.

Nov. 21, 1947.

James L. McNealy, of Alcatraz, Cal., for appellant, in pro. per.

Albert J. Tully, U. S. Atty., and Percy C. Fountain, Asst. U. S. Atty., both of Mobile, Ala., for appellee.

Before McCORD, WALLER, and LEE, Circuit Judges.

PER CURIAM.

James L. McNealy, with three others, broke into and robbed a bank at Repton, Alabama. While they were engaged in cutting and burning the door of the bank vault at midnight, the lookout gave a signal that some one was approaching, and they ran out, taking with them approximately three dollars in coin.

When the four defendants were brought into court the trial judge explained to each of them their every right; that they were entitled to counsel to represent them; that they might have witnesses summoned and be tried by a jury, and that it was not incumbent upon them to plead guilty. Each of them, nevertheless, elected to plead guilty, and thereupon went into every phase of the case with the court. By their own admissions, each of the defendants had been convicted and served numerous sentences before this case was heard.

The evidence leads to the conclusion that McNealy was the leader. This defendant is now serving sentence in Alcatraz Prison.

The indictment was drawn under Title 12, Section 588b(a), of the United States Code Annotated, which separates the crime into separate and distinct offenses. McNealy was given a sentence of twenty years on the first count, one year on the second count, and two years on the third count, the sentences under the second and third counts to run concurrently with the sentence on the first count. The court later reduced his sentence to ten years, without reference to separate sentences imposed under specific counts.

Appellant makes no complaint of the reduction of his sentence, but seeks to have his sentence vacated on the first count, and thereafter be permitted to serve only the sentence imposed on the second and third counts, on the ground the statute contemplates but one offense and will support only one sentence. There is no merit in this contention. Wells v. United States, 5 Cir., 124 F.2d 334; Gant v. United States, 5 Cir., 161 F.2d 793, 797; Audett v. United States, 8 Cir., 132 F.2d 528; Coy v. Johnston, Warden, 9 Cir., 136 F.2d 818.

We find no reversible error in the record and the judgment is affirmed.