**WARD v. UNITED STATES.**
No. 4056.

United States Court of Appeals
Tenth Circuit.
June 21, 1950.

Writ of Certiorari Denied Oct. 23, 1950.
See 71 S.Ct. 87.

Earl Boyd Pierce and Arthur L. Brook, Muskogee, Okl., for appellant.

Cleon A. Summers, U. S. Atty., and Paul Gotcher, Asst. U. S. Atty., Muskogee, Okl., for United States.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

Ward was tried and convicted upon an indictment containing three counts charging violations of 12 U.S.C.A. §§ 588b and 588c [now 18 U.S.C.A. § 2113], returned in the United States District Court for the Eastern District of Oklahoma. Count one charged that Ward and another, by force and violence, by putting in fear, by the use of dangerous weapons, to wit, loaded revolvers, by threats, and by brandishing and pointing such loaded revolvers at Carl Andrews, president, and Jessie Collette, bookkeeper, of the First National Bank of Stratford, Oklahoma, on the premises occupied by such bank, feloniously took from Andrews and Collette, $1,307 in money of such bank.

The second count charged substantially the same facts as count one and further alleged that by the use of such revolvers, Ward and his codefendant put in jeopardy the lives of Andrews and Collette by the use of such dangerous weapons.

The third count charged substantially the same facts as count two and further alleged that Ward and his codefendant "to avoid apprehension for the commission of such offense," by physical force compelled and forced Collette, without her consent, to accompany them from the premises of such bank to an automobile awaiting outside such bank and forced her to accompany them in such automobile, without her consent, to a point in the town of Stratford.

Ward was sentenced to imprisonment for a term of 20 years on count one, 25 years on count two, and 99 years on count three, and to pay a fine of $1 on each count, all of such sentences to run concurrently.

After having served the term of the sentence on count one, less statutory time for good behavior, Ward filed a motion under 28 U.S.C.A. § 2255, to vacate the sentence imposed on counts two and three. The trial court vacated the sentence imposed on count two, but denied the motion to vacate the sentence imposed on count three. Ward has appealed.

■ In Holbrook v. Hunter, 10 Cir., 149 F.2d 230, we held that § 588b(a) creates four separate offenses and that § 588b(b) does not create a separate and distinct offense, but merely provides for an increased punishment if, in committing or attempting to commit any offense defined in subsection (a), the offender "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." Sections 588b(a) and 588b(b) have been so construed in the Fifth, Sixth, Eighth, and Ninth Circuits.[1]

■ Section 3 of the Act of May 18, 1934, 48 Stat. 783, 12 U.S.C.A. § 588c, reads as follows: "Whoever, in committing any offense defined in this Act, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be punished by imprisonment for not less than 10 years, or by death if the verdict of the jury shall so direct."

In Casebeer v. United States, 10 Cir., 87 F.2d 668, we held that each of the offenses defined in § 588c includes an element not included in the offenses defined in § 588b, and that the offenses defined in the former are separate and distinct from the offenses defined in the latter. Again, in Gilmore v. United States, 10 Cir., 124 F.2d 537, we held that § 588c defines offenses separate and distinct from the offenses defined in § 588b.

In the statute as originally enacted, §§ 588b(a) and 588b(b) were embraced in § 2 and § 588c was embraced in § 3. It will be observed that § 3 embraces as elements of the offenses defined therein, criminal acts which are in addition to and are separate and distinct from the elements of the offenses defined in § 2 and which may occur after an offense defined in § 2 has been fully consummated, even after arrest or confinement for such offense. This, we think, manifests an intent on the part of Congress by § 3 to define offenses separate and distinct from those defined in § 2, and we adhere to the views expressed in the Casebeer and Gilmore cases.

■ However, the third count of the indictment charged facts constituting a violation of § 3. Ward was convicted and sentenced on that count for imprisonment for a term of 99 years. The conviction and sentence on count three are valid. And assuming, but not deciding, that Ward should not have been sentenced for a lesser term on count one to run concurrently with the sentence imposed on count three, he was not prejudiced by such lesser concurrent sentence. Such was the express holding in Barkdoll v. United States, 9 Cir., 147 F.2d 617.[2]

■ It is well settled that where a valid sentence is imposed upon a valid count of an indictment, the defendant is not prejudiced by a sentence imposed upon an invalid count which does not exceed the sentence imposed on the valid count and runs concurrently therewith.[3]

The judgment is affirmed.

---

1. Durrett v. United States, 5 Cir., 107 F. 2d 438, 439; Wells v. United States, 5 Cir., 124 F.2d 334; Lockhart v. United States, 6 Cir., 136 F.2d 122, 124; McDonald v. Moinet, 6 Cir., 139 F.2d 939, 941; Coy v. United States, 6 Cir., 156 F.2d 293, 294; Hewitt v. United States, 8 Cir., 110 F.2d 1, 10–11; Dimenza v. Johnston, 9 Cir., 130 F.2d 465, 466; Wilson v. United States, 9 Cir., 145 F. 2d 734; Barkdoll v. United States, 9 Cir.,

147 F.2d 617. See, also, Holiday v. Johnston, 313 U.S. 342, 349, 550, 61 S. Ct. 1015, 85 L.Ed. 1392.

2. See, also, Hewitt v. United States, 8 Cir., 110 F.2d 1, 11; Wilson v. United States, 9 Cir., 145 F.2d 734, 736; Holiday v. United States, 8 Cir., 130 F.2d 988, 990.

3. Long v. United States, 10 Cir., 139 F.2d 652, 654; Edwards v. United States, 10

Cir., 113 F.2d 286, 289, and cases there cited; Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774; Whitfield v. Ohio, 297 U.S. 431,

438, 56 S.Ct. 532, 80 L.Ed. 778; Claassen v. United States, 142 U.S. 140, 146, 12 S.Ct. 169, 35 L.Ed. 966.