Ollie Otto PRINCE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15755.

United States Court of Appeals Fifth Circuit.

Feb. 29, 1956.

Joseph P. Jenkins, Kansas City, Kan., for appellant.

Harman Parrott, Asst. U. S. Atty., San Antonio, Tex., Lonny F. Zwiener,

Asst. U. S. Atty., Austin, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before BORAH, TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

In this appeal from the overruling of his motion for a reduction of sentence,[1] the appellant raises here again the question of merger among the various subsections of 18 U.S.C.A. § 2113, sometimes referred to as the Bank Robbery Act. In 1949 he was convicted under both counts of a two-count indictment of (1) entering a bank insured by the Federal Deposit Insurance Corporation with intent to commit a felony therein and (2) feloniously and by intimidation taking $15,764 of the bank's money from the presence of Guy Mann, while putting the life of said Guy Mann in jeopardy by the use of a dangerous weapon, to wit, a pistol. He was thereafter sentenced to a term of twenty years under the first count and fifteen years under the second, to be served consecutively. The substance of his argument is that the first count is merged in the second, with the result that either one or the other of the sentences must be set aside as illegal.

The same issue was before this court in Durrett v. United States, 5 Cir., 107 F.2d 438, and Wells v. United States, 5 Cir., 124 F.2d 334, 335, and each time resulted in a decision contrary to this appellant's position. He urges, however, that subsequent events, in the form of Wells' release from prison on the ground that his sentence was illegal,[2] and inconsistent interpretations of the statute by this and other Courts of Appeal, call for a re-examination of the Act and decisions thereunder.

Section 2113, Title 18, was passed by Congress in 1948 to replace 12 U.S.C.A. §§ 588a, 588b, and 588c, which were then repealed. Section 2113 is substantially a reenactment of the former statute, consolidating and slightly modifying the earlier act. Nothing in the reenactment affects the question of merger within the subsections, and both the prisoner and the government agree that for our purposes cases construing the 1934 statute are good authority for an interpretation of § 2113.

The statute, set out below,[3] seems to separate a typical bank robbery, as one

---

1. Made pursuant to Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A.

2. Wells v. Swope, D.C.N.D.Cal., 121 F. Supp. 718.

3. "§ 2113. Bank robbery and incidental crimes

   "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

   "Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

   "Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

   "(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

   "Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $1000 or imprisoned not more than one year, or both.

   "(c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value knowing the same to have been taken from a bank, or a savings and loan association, in violation of subsection (b) of this section shall be subject to

might presume it to be, into various stages, making criminal the commission of the acts constituting the progressive steps of the criminal undertaking. Thus, one paragraph of subsection (a) makes criminal the entering of a bank [4] or savings and loan association [5] with the intent of committing a felony therein affecting the bank or savings and loan association. The other paragraph of subsection (a) makes criminal the taking of bank property by force and violence or intimidation from the person or presence of another. Subsection (b) makes criminal the taking and carrying away of bank property, when such act is done with intent to steal or purloin. Subsection (c) defines the crime of receiving property stolen from a bank or savings and loan association. Subsection (d) provides a heavier penalty when any of the acts defined in (a) or (b) are accomplished or attempted by putting anyone's life in jeopardy with the use of a dangerous weapon. Subsection (e)

provides the death penalty, if the jury so directs, for killing or kidnapping done in committing any offense defined in the section.

Because of this statutory delineation of the various steps in a typical bank robbery, the question has arisen whether Congress intended that the criminal who succeeds in his unlawful enterprise to the extent of accomplishing more than one phase of it, as the statute defines the phases, can be punished for more than one crime. The Sixth Circuit has adopted the view that he cannot, Simunov v. United States, 6 Cir., 162 F.2d 314, and the Ninth Circuit in a clear dictum has indicated that it is in accord with this view. Barkdoll v. United States, 9 Cir., 147 F.2d 617.[6]

This construction of the statute cannot be supported by reference to the doctrine of merger, because except for the offenses of bank petit larceny and bank grand larceny defined in subsection (b), no crime defined in the statute

---

the punishment provided by said subsection (b) for the taker.

"(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

"(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct.

"(f) As used in this section the term 'bank' means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, and any bank the deposits of which are insured by the Federal Deposit Insurance Corporation.

"(g) As used in this section the term 'savings and loan association' means any Federal savings and loan association and any savings and loan association the accounts of which are insured by the Federal Savings and Loan Insurance Corporation."

4. As defined in § 2113(f).

5. As defined in § 2113(g).

6. The Eighth Circuit has made the following analysis of the first paragraph of (a), in connection with (d) and (e): "Congress, in enacting Sections 588b and 588c, was dealing with the crime of bank robbery, and not with forcible taking, putting in fear, assault, putting lives in jeopardy, killing and kidnapping as distinct crimes. In effect, Congress created three classes of bank robbery according to degree; first, that which was accompanied by force or putting in fear; second, that which was accompanied by assault or putting lives in jeopardy; and, third, that which was accompanied by killing or kidnapping. Proof of robbery of the second class would also prove robbery of the first class, and proof of robbery of the third class would prove robbery of both the first and the second classes." Hewitt v. United States, 8 Cir., 110 F.2d 1, 11.

contains all the elements of another crime defined therein.[7] Aside from the two paragraphs of subsection (b), the offenses most identical to each other are those of larceny as defined in (b) and robbery as defined in the first paragraph of (a). These are differentiated, however, by the fact that larceny under the statute requires the "intent to steal or purloin," while this element of specific criminal intent is omitted from the first paragraph of (a), thus apparently making sufficient for conviction under (a) only the general criminal intent to do the prohibited acts themselves.

Indeed, the view that subsections (a) and (b) constitute but one crime is not grounded on the doctrine or merger, but rests instead on presumed Congressional intention. Legislative history is not cited to sustain this interpretation, however. Instead, it is based on Congress's aims as manifested by the statute itself, the opinion of those who follow this interpretation being that since the main purpose of the statute is to make robberies of FDIC-insured banks criminal, the statute will support only a conviction for the single offense of bank robbery or one phase thereof.[8]

In this respect, however, § 2113 is not an unusual type of enactment, and other statutes which punish separately the various steps of a criminal undertaking have not been construed as limited to supporting only one conviction. For example, under 18 U.S.C.A. §§ 659 and 2117, one may be convicted of the separate crimes of breaking the seal on a railroad car containing interstate shipments of freight, entering the car with intent to steal, and stealing property from the car. Greenburg v. United States, 7 Cir., 253 F. 728. In applying this statute, formerly combined in 18 U.S.C.A. § 409, one court observed:

> "We are unable to read the statute other than that Congress intended to make each and every separate act named, a separate crime.

[Citing cases.] If the construction seems harsh, it must also be appreciated that there is a vast difference between the maximum and the minimum sentence provision as there is a vast difference between the action and motives of different offenders. In the trial judge, there is lodged wide discretion, and if misjudgment results in too severe judgments, the accused may secure relief through executive clemency, as well as by parole." United States v. Carpenter, 7 Cir., 143 F.2d 47, 48.

We reach the same conclusion in this case. Under the 1934 statute, the weight of authority sustained convictions of more than one offense defined in what is now § 2113(a) and (b). McNealy v. United States, 5 Cir., 164 F.2d 600; Rawls v. United States, 10 Cir., 162 F.2d 798; Wells v. United States, 5 Cir., 124 F.2d 334; Durrett v. United States, 5 Cir., 107 F.2d 438. In only one case was such a conviction struck down. Simunov v. United States, 6 Cir., 162 F.2d 314. Nevertheless, Congress reenacted the statute substantially as before. In the light of this fact, and of the analogous precedent of Congress's previous use of this same statutory pattern in other areas of the criminal law, we find ourselves unable to agree that Congress intended that violations of different parts of § 2113(a), (b), and (d) would constitute only one crime. More important, the plain terms of the statute itself compel a different conclusion.

The issue is somewhat complicated by the fact that subsection (d) defines as criminal certain acts when done in committing or attempting to commit any offense defined in (a) or (b). It is unanimously held that when one is charged with committing or attempting to commit an offense defined in (a) or (b), and also the aggravating acts defined in (d) in conjunction therewith, only one conviction will stand. Heflin v. United States, 5 Cir., 223 F.2d 371; Ward v.

---

7. This is the general test with regard to merger. Miller on Criminal Law § 13.

8. See Simunov v. United States, 6 Cir.,

162 F.2d 314, 315; Barkdoll v. United States, 9 Cir., 147 F.2d 617; Hewitt v. United States, 8 Cir., 110 F.2d 1, 11.

United States, 10 Cir., 183 F.2d 270; Simunov v. United States, 6 Cir., 162 F. 2d 314; Gant v. United States, 5 Cir., 161 F.2d 793; O'Keith v. United States, 5 Cir., 158 F.2d 591; Crum v. United States, 9 Cir., 151 F.2d 510; Miller v. United States, 2 Cir., 147 F.2d 372; Vautrot v. United States, 8 Cir., 144 F. 2d 740; Hewitt v. United States, 8 Cir., 110 F.2d 1. Cf. Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392. The rationale of these cases is that subsection (d) defines an aggravation of the same offenses as are made criminal in (a) and (b). The same theory has been advanced with regard to subsection (e). Crum v. United States, 9 Cir., 151 F.2d 510.

▮ The problem usually arises, as it is presented here, when two crimes defined in (a) or (b) are alleged, and it is further alleged that one of them was done in the aggravated manner defined in (d). Obviously, under the authorities just cited, the act made criminal in (a) and (b) which is performed in the aggravated manner described in (d) is merged with the latter offense. Is the other subsection (a) or (b) crime also merged? The answer is unquestionably no. In Heflin v. United States, 5 Cir., 223 F.2d 371, we reached the opposite conclusion, because the government there conceded the point and agreed to a corresponding modification of Heflin's sentence, but we do not wish that case to stand as authority for the view that in this respect the sentence was illegal. It was illegal in another respect, however, and was properly reversed as to one of the counts in that it committed Heflin for both robbery as defined in (a) and an aggravation of the same offense under (d).

▮ The appellant here was not sentenced for an offense defined in (a) or (b) and also for the same offense committed in an aggravated manner as defined in (d). He was sentenced for separate violations of (a) and (b), one of those violations having been committed in an aggravated manner. He was, therefore, legally convicted and sentenced for two separate crimes, since the aggravation merges only with the offenses with which it is charged (and there may of course be more than one aggravated offense), and not with all related offenses as well.

The judgment is

Affirmed.