**Warren David SMITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16710.**

United States Court of Appeals Ninth Circuit.

Feb. 16, 1961.

Totton P. Heffelfinger, II, San Francisco, Cal., for appellant.

Charles P. Moriarty, U. S. Atty., Jeremiah M. Long, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before STEPHENS, HAMLEY and HAMLIN, Circuit Judges.

HAMLEY, Circuit Judge.

Warren David Smith, a federal prisoner at Alcatraz, brought this proceeding in district court under 28 U.S.C.A. § 2255

and rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A. By these alternative means he sought to set aside sentences of twenty and twenty-five years imposed under counts II and III of an information, and to leave in effect only a ten-year sentence imposed under count I. The district court denied the relief prayed for and Smith appeals.

The relevant facts are not in dispute. On June 8 1953, indictment having been waived, a three-count information was filed charging Smith with offenses under the Federal Bank Robbery Act, 18 U.S. C.A. § 2113. In count I Smith was charged with stealing $50,000 from the Lynwood Branch of the First National Bank of Everett on May 29, 1953, in violation of 18 U.S.C.A. § 2113(b). In count II he was charged with entering that bank on that date with intent to commit larceny in violation of 18 U.S. C.A. § 2113(a). In count III he was charged with assaulting one Kenneth Killien and others and putting their lives in jeopardy by the use of a dangerous weapon while committing the offenses charged in counts I and II in violation of 18 U.S.C.A. § 2113(d).

On the day the information was filed Smith pleaded guilty to counts I, II and III in the order named. On June 22, 1953, he was convicted on all three counts in the same order. Sentence was first imposed under count III—twenty-five years imprisonment and $10,000 fine. Sentence was next imposed under count II—twenty years imprisonment and $5,000 fine. The sentence under count I was ten years imprisonment and one dollar fine. The terms of imprisonment imposed under counts I and II were to be served concurrently with that imposed under count III, but the fines imposed under each count were made independent of each other.

The judgments, sentences and commitments entered on the same day follow this same sequence of counts in adjudicating guilt and imposing sentences. Smith commenced serving the sentences on July 7, 1953. On March 22, 1957, he paid the one-dollar fine imposed under count I.

On July 14, 1958, Smith commenced the instant proceeding. In his combined section 2255 application and rule 35 motion he urged that the allegations of the three counts of the information charged only one crime. Arguing from this that the court should not have imposed three separate sentences, Smith contended that the sentences imposed under counts II and III were invalid and should be vacated.

Smith had by then served time equal to more than half of that imposed under count I and had, as noted above, paid the one-dollar fine imposed under that count. Hence the effect of an order setting aside the judgments, sentences and commitments under counts II and III, as prayed for by Smith, would have been to give him his release within five years. On the other hand any disposition of the application and motion which would leave the judgment under count III in effect would mean that Smith's term would not expire until 1978, and the $10,000 fine imposed under that count would remain undisturbed.

The district court issued an order to show cause. In its return thereto the government asserted that the application made under section 2255 was legally defective in that it did not claim the right of immediate release. The Government conceded in its return, however, the propriety of the motion made under rule 35, and acknowledged that only one sentence should have been imposed under the information.

It was the position of the Government, however, that the corrective action should be not the vacating of the sentence imposed under counts II and III, but rather the vacating of the sentences imposed under counts I and II. This would leave in effect the twenty-five-year sentence and $10,000 fine imposed under count III and in substance deny Smith any effective relief.

The course suggested by the Government in its return was adopted by the district court. In its order of September 29, 1958, now under review, the court vacated the judgments, sentences and commitments entered under counts I and II and "affirmed and confirmed" the judgment, sentence and commitment entered under count III. In all other respects the section 2255 application and the rule 35 motion were denied.

Two errors are specified, the first being that appellant did not intelligently waive the assistance of counsel in entering his pleas of guilty.

■■ Consideration of such a question is inappropriate in a rule 35 proceeding because such a proceeding is for the correction of illegal sentences imposed under valid convictions. Green v. United States, 1 Cir., 274 F.2d 59. Such a question may be raised in a section 2255 proceeding, which is the alternative remedy here pursued. This is true because the question goes to the validity of the convictions on all counts and if decided in Smith's favor would require that all such convictions be set aside.

■ But while such a question may be raised in a section 2255 proceeding it was not raised in this proceeding when Smith was before the district court. In reviewing an order denying relief in a section 2255 proceeding this court will not consider contentions made for the purpose of obtaining reversal advanced for the first time in this court.[1]

■ Appellant's second specification of error is that under the circumstances of this case, the setting aside of the judgments and sentences under counts I and II, thereby leaving in effect the judgment and sentence under count III, placed him in double jeopardy, contrary to the fifth amendment.

The separate sentences imposed under counts I, II and III, all relating to the same incident which occurred at the Lynwood bank on May 29, 1953, were entered on June 22, 1953. Thereafter the Supreme Court held that the subdivisions of 18 U.S.C.A. § 2113, under which Smith was charged in the three counts, describe but one offense and that the imposition of more than one sentence was illegal. Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, decided February 25, 1957.

It thus became necessary, as the Government concedes, to set aside the sentences entered under two of the counts, leaving only one in effect. Audett v. United States, 9 Cir., 265 F.2d 837, 848. As stated above, the district court accomplished this by setting aside the ten and twenty-year sentences imposed under counts I and II, leaving in effect the twenty-five-year sentence imposed under count III.

Appellant points out, however, that he pleaded guilty to the three counts in numerical order and that the orally announced and written judgment adjudicated his conviction on each count in the same order. He argues from this that his plea of guilty to count I and the adjudicated conviction on that count immediately placed him in jeopardy for the crime described in section 2113. Hence, it is urged, his subsequent pleas of guilty to counts II and III and the adjudicated convictions on those counts placed him in double jeopardy for the same crime. Thus, it is contended, the sentence imposed under count I is the only one which can withstand the double jeopardy proscription of the fifth amendment.

The pleas of guilty were given in numerical order within seconds of each other at a single arraignment proceeding. The orally stated convictions were similarly announced within seconds of each other. The formal adjudications are set forth in the same clause of the same sentence of a single written judgment. We do not believe that the law will take account of seconds during a single ar-

1. Geise v. United States, 9 Cir., 262 F.2d 151, 157; Flores v. United States, 9 ■ Cir., 238 F.2d 758, 760; Waley v. United States, 9 Cir., 233 F.2d 804, 805.

raignment or typewriter space in a single judgment so as to preclude the court on the theory of double jeopardy from vacating the first two convictions and retaining the third, where only one can stand.

■ Moreover, since it was held in Prince that section 2113 states only one offense, the plea of guilty to count III charging the most serious form of the crime in effect displaced and rendered for naught the pleas of guilty to counts I and II. Stated differently, the pleas of guilty to the three counts entered in immediate succession in effect constituted a single plea of guilty to the most aggravated form of the section 2113 offense.[2] Hence the convictions on counts I and II, purporting to be based on pleas of guilty thereto, were void and of no effect, and the conviction on count III was the only one which was ever valid.

■ Concerning punishment, the sentence of imprisonment under each count was designated to be served concurrently with the sentences under the other two. It therefore cannot be said that the five years already served was pursuant to the sentence under count I and not under count III.

■ A different problem is presented with regard to the imposition of fines. The fine first imposed was under count III and was in the sum of $10,000. A fine of $5,000 was then imposed under count II, followed by a one-dollar fine imposed under count I. Under the judgment these fines were made independent of each other so that payment of the fine imposed under one count did not satisfy or constitute a credit towards payment of the fine on any other count.

When Smith was incarcerated in 1953 he did not pay any of these fines. However, less than a month after the decision was handed down by the Supreme Court in Prince v. United States, supra, Smith paid the one-dollar fine imposed under count I. He now argues that he has thus suffered partial punishment under the count I sentence, and to subject him to punishment under count III would be violative of the double jeopardy clause of the fifth amendment.

■■ A second punishment for the same offense violates the double jeopardy provision of the fifth amendment. Johnson v. Rhay, 9 Cir., 266 F.2d 530, 533. Thus, if a court imposes fine and imprisonment where the statute only confers power to punish by fine or imprisonment, and the fine has been paid, the court is without power to thereafter modify the sentence to one of imprisonment only. In re Bradley, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 500.

Here, however, the Federal Bank Robbery Act has conferred power to punish by fine and imprisonment. The imposition of a fine under count I was a nullity because, as stated above, the conviction under that count was immediately superseded or merged in the judgment convicting Smith under count III. No punishment, either imprisonment or fine, having been lawfully imposed under count I, the payment of the fine erroneously imposed thereunder did not constitute double punishment for the same offense. The payment is to be deemed improvident and the one dollar should be returned to Smith or credited to the payment of the fine imposed under count III, whichever course he wishes to follow.

Apart from the question of double jeopardy, the district court correctly determined that the lesser sentences imposed under counts I and II became merged in the greater sentence imposed under count III. Stevenson v. Johnston, D.C.N.D.Cal., 72 F.Supp. 627, affirmed 9 Cir., 163 F.2d 750; Wilson v. United States, 9 Cir., 145 F.2d 734, supra note 2.

Affirmed.

2. Wilson v. United States, 9 Cir., 145 F.2d 734; Lowe v. United States, 6 Cir., 257 F. 2d 409.